ALFRED J. TYSON, Appellant, v. CHARLES W. BERNHARD and JOHN L. BEHAN, Doing Business Under Name of BERNHARD & BEHAN DRAYAGE COMPANY.—17 S. W. (2d) 270.

Division One, March 29, 1929.

634

*Benjamin Wolf* and *John P. Griffin* for appellant.

*Bryan, Williams & Cave* for respondents.

GANTT, J.—This is a suit for damages for personal injuries in the sum of $15,000. The petition contains many charges of negligence, but the case was submitted to the jury on instructions covering the humanitarian doctrine and the measure of damages. The answer was a general denial. Judgment was for defendants, and plaintiff appealed.

The facts are as follows: On June 21, 1924, plaintiff was driving his automobile east on Lawton Avenue, in the city of St. Louis, and when about 200 feet east of Garrison, an intersecting Avenue, the left rear tire on his car became punctured, and he pulled to the south curb to change the tire. Lawton Avenue is about forty feet wide, and at the time and place mentioned cars were parked on the north and south sides of the street. While plaintiff was changing the tire, defendants' truck was moving east on Lawton Avenue toward Garrison. The driver testified he saw plaintiff at work on his car and blew the whistle of the truck as he (the driver) approached Garrison Avenue. He testified he again blew the whistle as the truck passed over Garrison Avenue. Thereafter no warning was given of the approach of the truck, although plaintiff continued at work on his car in full view of the driver until the truck struck him. The driver further testified that just after passing over Garrison Avenue the truck was moving east about six or eight feet from the south curb until it reached a point about eighty feet west of plaintiff; that he then turned the truck to the left until it was moving, when straightened out, about ten or twelve feet from the south curb; that at this distance from the curb, the truck moving directly east would give plaintiff a clearance of three or four feet between the south side of the truck and the north side of plaintiff's car as the truck passed the car; that as he moved the truck directly east and when he reached a point about four feet west of the plaintiff an oil truck suddenly appeared on his left and proceeded to pass him; that in doing so the oil truck suddenly swerved in front of defendants' truck and, in passing, the hub of the oil truck's right wheel locked with the hub of defendants' left front truck wheel, and defendants' truck was dragged until it struck plaintiff, injuring him. Just prior to the injury and while the trucks were moving east near plaintiff, a Ford truck was traveling west on the north side of the street and passed the trucks at a point opposite or almost opposite plaintiff's car.

Plaintiff's evidence tended to show there was no collision between the trucks, and that defendants' truck was driven against him without warning.

The court, at the request of the defendants, instructed the jury, as follows:

"The court instructs the jury that if you find and believe from the evidence that Edward Gruenewald was at the time of the accident mentioned in the evidence *driving the truck of the defendants Bernhard and Behan eastwardly along Lawton boulevard and that in so doing he was exercising the highest degree of care* and that as he was passing the plaintiff, the left front wheel of the defendants' automobile was struck by another automobile so as to cause the

defendants' automobile to swerve suddenly and sharply to the right or south and into and against plaintiff, and if you further find that, but for being so struck, if you so find, defendants' automobile would not have come in contact with the plaintiff, and that after the defendants' truck was so struck, if you so find, the said Edward Gruenewald could not in the exercise of the highest degree of care avoid striking the plaintiff, then your verdict must be for the defendant. (Italics ours.)

I. Plaintiff challenges the instruction as ignoring the duties of the driver to warn and, if necessary, to stop in view of the congested traffic.

Defendants, realizing the situation as "ticklish," seek to excuse the instruction by an alleged admission of defendants, during the trial, of a collision with plaintiff and of liability therefor, unless the truck of the defendants was struck by the truck of another, thereby causing defendants' truck to collide with plaintiff.

The record discloses no such admission. However, the plaintiff, though denying the collision of the trucks, insists that, even so, there was evidence of a failure to warn, which, if given, would have afforded plaintiff an opportunity to change his position from one of peril to one of safety before the collision of the trucks.

Plaintiff further insists there was evidence of such a condition of traffic as to make it the duty of the driver to stop the truck on nearing him.

There was substantial evidence tending to show that it was the duty of the driver to warn the plaintiff and to stop the truck on nearing plaintiff. By plaintiff's instruction these issues were submitted to the jury. The instruction under review leads the jury to consider the case as if plaintiff was in a fixed position. In effect they were instructed that if they believed defendants' truck might have slipped by the plaintiff without injuring him but for the collision with the other truck, the verdict should be for the defendants.

If plaintiff had been warned of the approach of defendants' truck, he could, with a clearance of only three or four feet, have stepped behind his car or moved to another place of safety.

In addition, there was evidence tending to show that cars were parked on both sides of the street, and that defendants' truck, the oil truck and the Ford car congested traffic—all of which created a condition from which the jury might find that it was the duty of the driver to stop defendants' truck on nearing plaintiff.

The defendants admit the necessity of submitting these issues to the jury by contending they were submitted by that part of the instruction which required the jury to find that while driving the

truck the driver was exercising the highest degree of care. This was misleading, for the jury may have thought the direction was limited to the control of the movement of the car. But if they understood the direction to cover all of the duties of the driver, it invited them to enter a field of conjecture and speculation. It would hardly be contended the court had performed its duty by directing the jury to return a verdict for the defendants if they found from the evidence the driver in driving the car exercised the highest degree of care.

The issue of a collision of the trucks is featured, and the issues of a failure to warn and stop are ignored—all to the disadvantage of plaintiff. The instruction is not only erroneous but prejudicial.

II. Plaintiff challenges the instruction on the burden of proof. This and similiar instructions have been criticized by this court and the courts of appeals. No doubt all ground for criticism will be eliminated on a retrial of the case.

III. The driver of defendants' truck testified that after plaintiff's injury the oil truck was stopped near Ewing Avenue, the next intersecting street; that he called the driver of the oil truck to come and assist him in carrying plaintiff to the hospital across the street; that he did come to his assistance, and when he did so the driver of defendants' truck inquired, "What is the matter, couldn't you see where you was driving?" He answered: "I never hit you."

This inquiry and answer were admitted as a part of the *res gestae* over the objection of plaintiff. We do not think they were a part of the *res gestae*. They were self-serving, lacking in spontaneity and do not exclude the idea of premeditation.

Defendants suggest that a consideration of the whole record indicates the error was not prejudicial. It will not be necessary t. rule this question.

IV. The other assignments of error are without merit and are ruled against the plaintiff.

For the error noted in the instruction, the judgment is reversed and the cause remanded. All concur.