Ex parte Pauline ROBERTS.

No. 53995.

Court of Criminal Appeals of Texas.

March 9, 1977.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from an order of the Judge of the 53rd District Court of Travis County refusing to discharge appellant after a hearing on her application for writ of habeas corpus.

Appellant was placed in custody because on August 24, 1976, a motion to revoke her probation was filed alleging that she had

violated a term thereof, to-wit: she had committed theft, an offense against the laws of this State. She claims that her probationary period has expired and, since she is no longer on probation, she cannot be incarcerated for the violation.

The record reflects that on July 6, 1972, appellant was convicted of theft, punishment was assessed at ten years' confinement, and she was placed on probation for ten years. On September 12, 1974, the trial court revoked her probation and reduced the original ten year penalty to two years. The revocation, however, was reversed in *Roberts v. State,* Tex.Cr.App., 537 S.W.2d 461.

Appellant now contends that her probationary term expired on July 6, 1974, because the trial court reduced punishment to two years' imprisonment when her probation was revoked in 1974. She argues that her probationary term was reduced from ten years to two years when the revocation and sentencing occurred, therefore, the State's pending motion to revoke probation is invalid since the probationary term expired on July 6, 1974, two years after the original judgment.

The record shows that a ten year probationary term was granted by the trial court and was never reduced to a two year period. Furthermore, we reversed the trial court's decision which imposed this new punishment. *Roberts v. State,* supra.

Appellant's ten year probationary term is still in effect. The challenge is without merit.

The relief is denied.