**Ex parte Keith Lambert MILLER.**

**No. 54709.**

Court of Criminal Appeals of Texas.

June 14, 1977.

---

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from an order of the 47th District Court of Potter County denying relief on appellant's application for writ of habeas corpus.

On September 30, 1974, appellant was convicted of burglary, imposition of sentence was suspended, and he was placed on probation for five years. On October 20, 1976, probation was revoked, notice of appeal was given, and appellant was released on bond pending appellate review of the revocation order.

On February 26, 1977, while the appeal was pending, appellant allegedly committed the offense of driving while intoxicated. On March 3 the judge of the 47th District Court ordered issuance of a capias for his arrest. This order recites that the appellant was granted probation and that he is alleged "to be in violation of his probation." See, Article 42.12, Sec. 8(a), V.A.C.C.P. Appellant has been confined pursuant to that capias.

Appellant challenges the legality of his confinement. Apparently he takes the position that he cannot be arrested under Art. 42.12, supra, for a violation of his probation committed after his probation has already been revoked. This issue turns on whether appellant was subject to the conditions of his probation pending appeal of the trial court's earlier revocation order.

■ *Nicklas v. State*, Tex.Cr.App., 530 S.W.2d 537, stands for the proposition that the probationary period continues to run unabated until it expires or until a revocation order is entered and becomes final, either by failure to take an appeal or upon issuance of a mandate of affirmance if an appeal is taken. In *Nicklas*, the defendant was placed on a two-year probationary period on June 3, 1971. This Court held that the probationary period expired on June 3, 1973, two years after it began, notwithstanding the fact that an order of revocation had been entered on December 8, 1972, and notice of appeal of the revocation order was given on December 15, 1972. The probationary period was not tolled during the week from the order of revocation to notice of appeal, nor was it tolled while the appeal was pending after notice of appeal. Cf. *Ex parte Roberts*, Tex.Cr.App., 547 S.W.2d 632.

■ It would be inconsistent to hold on the one hand that during an appeal from a revocation of probation the period of probation continues to run and the probationer earns time toward discharge of that period and, on the other hand, that the probationer during that same time is not subject to the terms of probation and to supervision under Article 42.12, supra. Accordingly, we hold that, notwithstanding the prior order of revocation and appeal, appellant remained subject to the terms of probation and subject to arrest for any violation of those terms during the remainder of the period of probation.

Appellant is lawfully confined pursuant to the trial court's capias issued after he allegedly violated a condition of his release. Article 42.12, Sec. 8(a), supra. We uphold the trial court's denial of relief and affirm the judgment.