**Eddie James MINNIEWEATHER,
Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–81–003–CR.**

Court of Appeals of Texas,
Texarkana.

June 8, 1982.

M. Mark Lesher, Lesher & Dozier, Texarkana, for appellant.

Louis J. Raffaelli, Criminal Dist. Atty., Rodney McDaniel, Asst. Criminal Dist. Atty., Texarkana, for appellee.

BLEIL, Justice.

Eddie Minnieweather appeals the revocation of his probation. On appeal he raises a lack of fair notice in the motion to revoke and attacks his original conviction. We resolve the issues in favor of the State and affirm.

On June 16, 1980, Minnieweather plead guilty to the offense of theft and was assessed five years confinement, probated. On February 13, 1981, an application to revoke the probation was filed alleging that Minnieweather violated the condition of his probation that he, "Violate no laws of the State of Texas or any other jurisdiction." Specifically, the application stated that he committed the offenses of robbery, theft, and unlawfully carrying a weapon on or about November 25, 1980. The trial court found that the condition of probation was violated as alleged.

On the date of the revocation hearing Minnieweather's attorney orally moved to quash the application to revoke on the basis that the motion failed to give him fair

notice of the acts which the State intended to prove. Tex.Code Crim.Pro.Ann. art. 27.-10 (Vernon 1966), provides that motions to set aside an indictment or information and special pleas and exceptions shall be in writing. An application to revoke probation is the State's pleading just as is an indictment or information. Article 27.10 applies to motions to quash applications to revoke probation and dictates that they be written motions. Thus, an oral motion to quash or dismiss the application to revoke probation presents nothing for our review. *Faulks v. State*, 528 S.W.2d 607 (Tex.Cr.App.1975); *DePaul v. State*, 624 S.W.2d 709 (Tex.App. —Houston [14th Dist.] 1981, no pet.).

■ Minnieweather did not appeal from his conviction pursuant to his guilty plea. However, he now urges that his conviction was void because the indictment failed to allege an essential element of theft. He also says that there was no evidence to sustain the conviction. We determine that the indictment did allege the offense of theft by unlawful appropriation of property under § 31.03, Tex.Penal Code Ann. (Vernon Supp.1982). We find no fundamental error.

■ The Tex.Code Crim.Pro.Ann. art. 42.12, § 8(b) (Vernon Supp.1982) provides, "The right of the probationer to appeal to the Court of Appeals for a review of the trial and conviction, as provided by law, shall be accorded the probationer at the time he is placed on probation. When he is notified that his probation is revoked for violation of the conditions of probation and he is called on to serve a sentence in a jail or in an institution operated by the Department of Corrections, he may appeal the revocation."

During a proceeding to revoke probation a collateral attack upon the conviction is not permitted. *Traylor v. State*, 561 S.W.2d 492 (Tex.Cr.App.1978); *Ramirez v. State*, 486 S.W.2d 373 (Tex.Cr.App.1972). Since Minnieweather did not appeal his conviction he cannot do so now by raising these points on appeal from the order revoking probation.

We affirm the trial court's order revoking probation.