**Jerry Wayne MARGOITTA, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 10–99–036–CR.**

Court of Appeals of Texas,
Waco.

Jan. 19, 2000.

Rehearing Overruled Feb. 23, 2000.

■

---

See also 987 S.W.2d 611, 994 S.W.2d 336.

Whitney E. Fanning, Waco, for appellant.

John W. Segrest, Dist. Atty., Waco, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

### OPINION

TOM GRAY, Justice.

Jerry Wayne Margoitta was convicted of indecency with a child, sentenced to ten

1. Since Margoitta received a probated sentence, the term "probation" was changed to "community supervision." For continuity, we will use the term "probation" throughout this opinion.

2. In his brief, these are his third and fourth issues. Margoitta initially filed two separate

years in prison and placed on probation for ten years. He did not appeal that conviction. After eight years, his probation was revoked, and he was sentenced to ten years in prison. The trial court attached new terms to his probation while he appealed the revocation order. He appeals regarding the original terms of his probation and the trial court's action of adding new probation terms after the revocation. We affirm the trial court's judgment.

### BACKGROUND

Margoitta plead guilty to the offense of indecency with a child and was placed on probation for ten years on March 7, 1990.[1] During his probation, numerous voluntary amendments to his terms of probation were made. On March 4, 1993, the trial court continued Margoitta on probation but modified the terms of his probation after a hearing on the State's first motion to revoke. Then, on April 9, 1998, the State filed a second motion to revoke, alleging Margoitta had unsupervised contact with a minor child on three separate occasions. Specifically, Margoitta was accused of being alone with his children and a nephew without any other adult supervision. A hearing on the second motion was held before the trial court on April 29, 1998. After hearing testimony and arguments of counsel, the trial court revoked Margoitta's probation and sentenced him to ten years in prison.

### CONDITIONS OF PROBATION

Margoitta complains in his second and third issues that the term of his probation, which he was found to have violated, is so vague and ambiguous that he could not comply with it.[2] Specifically, he complains of condition (28) which is as follows:

notices of appeal. We combined the two notices, and the parties submitted a combined brief on all issues raised. We later realized the error of combining the two appeals and separated the bail issues from the judgment and sentence issues. We did not require the parties to redraw their briefs to separate the

(28) Be prohibited from having any contact whatsoever with minor children unless supervised by another adult, during the probationary period.

This condition was in the original terms of his probation in 1990. Margoitta never voiced any objection to this term until after his probation was revoked based on a violation of this condition.

The Court of Criminal Appeals has recently addressed the question of whether a defendant can object to his conditions of probation for the first time on appeal. *Speth v. State,* 6 S.W.3d 530 (Tex.Crim. App. 1999). In concluding that objections to probation conditions must be raised to the trial court first, the Court stated:

An award of community supervision is not a right, but a contractual privilege, and conditions thereof are terms of the contract entered into between the trial court and the defendant. Therefore, conditions not objected to are affirmatively accepted as terms of the contract. Thus, by entering into the contractual relationship without objection, a defendant affirmatively waives any rights encroached upon by the terms of the contract.

*Id.,* 531–32. Margoitta did not object to the condition at the time he was placed on probation. The time for direct appeal of the order imposing the condition has long since passed. He cannot now complain about it by this appeal over eight years after it was imposed. *See id.; see also Margoitta v. State,* 994 S.W.2d 336 (Tex. App.—Waco 1999, no pet.) (by failing to object to conditions of bail pending appeal, complaint raised on appeal is waived). Margoitta's second and third issues are overruled.

### PROBATION REVOKED OR CONTINUED

 In his first issue, Margoitta contends that the trial court wrongfully both revoked and continued his probation. The trial court issued a judgment revoking Margoitta's probation and sentencing him

to 10 years in prison on April 29, 1998. In court, Margoitta orally gave notice of his intention to appeal the revocation. The trial court set an amount for bail pending appeal and noted that if Margoitta was to be released on bail pending appeal, the court would modify the terms and conditions of his probation as the court saw fit. Margoitta posted a bail bond on May 1, 1998, and the trial court imposed extensive conditions to his bail pending appeal. At the same time, the trial court made the conditions of Margoitta's probation the same as his conditions of bail pending appeal. Margoitta argues the trial court cannot do this.

It has long been held that while the appeal of a revocation of probation is pending, a defendant remains subject to the terms of probation and subject to arrest for any violation of those terms during the remaining period of probation. *Ex parte Miller,* 552 S.W.2d 164, 165 (Tex.Crim. App.1977). The trial court may add or modify conditions of probation at any time so long as the change is reasonable and the defendant is notified of the change. TEX.CODE CRIM. PROC. ANN. art. 42.12 § 11(a) (Vernon Supp.2000). The trial court may also impose any reasonable condition for bail pending appeal. *Id.* art. 44.04(c) (Vernon Pamp.2000). It would seem inconsistent to hold that the conditions of probation could not be modified to mirror the conditions of bail pending an appeal of a probation revocation. We hold the trial court did not err in modifying the terms of Margoitta's probation pending the appeal of his revocation. Margoitta's first issue is overruled.

### CONCLUSION

Having overruled all of Margoitta's issues, the judgment of the trial court is affirmed.

█

issues. *See Margoitta v. State,* 987 S.W.2d 611 (Tex.App.—Waco 1999, ord.). Margoitta's appeal of his bail appears in *Margoitta v. State,* 994 S.W.2d 336 (Tex.App.—Waco 1999, no pet.).