NO.  07-99-0508-CR
07-99-0509-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 30, 2001

_____


ALFONSO BECERRA, SR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 34,542-A, 35,017-A; HONORABLE DAVID GLEASON, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Alfonso Becerra, Sr., appeals from revocation of his community supervision on two charges of felony driving while intoxicated.  He urges that the terms of his community supervision were suspended during the time of the activities which the State alleged as violations, and that the State's motions to revoke did not give sufficient notice of his alleged violations.  We affirm.

BACKGROUND

On April 6, 1995, pursuant to a plea bargain, appellant Alfonso Becerra, Sr., pled guilty to a felony D.W.I. charge in cause number 34542-A in the 47th District Court of Potter County, Texas. Honoring the plea bargain, the trial judge sentenced appellant to five years confinement in the Institutional Division of the Texas Department of Criminal Justice ("TDCJ"), assessed a fine in the amount of $250, suspended the sentence and placed appellant on community supervision for five years.

On June 30, 1995, again pursuant to a plea bargain, appellant pled guilty to a felony D.W.I. charge in cause number 35017-A in the 47th District Court of Potter County. Honoring the plea bargain, the trial judge sentenced appellant to ten years confinement in the TDCJ, assessed a fine of $2,000, suspended sentence, and placed appellant on community supervision for ten years.

On July 31, 1997, the State filed motions to revoke community supervision in both cases.[1] The motions alleged that on May 6, 1997, appellant violated terms of his community supervisions by being publicly intoxicated. The motions were amended on April 13, 1998, to additionally allege that appellant violated his community supervision conditions by consuming alcohol on May 6, 1997. The motions were heard on October 1, 1998. The trial judge made docket entries indicating that the motions were not proved and that

---

[1]The State previously filed a motion to revoke appellant's community supervision in cause number 34542-A. The motion was based on the alleged D.W.I. on which cause number 35017-A was based. The motion was not granted, but the trial court imposed more stringent community supervision conditions.

appellant was continued on probation. No orders were signed by the judge as to the results of the hearing.

On October 15, 1999, the State filed a new motion to revoke in each case. The motions alleged that: (1) appellant failed to comply with the first condition of his probation in that he appeared in a public place on September 14, 1999, while under the influence of alcoholic beverages to the degree that he may have endangered himself or another; and (2) appellant failed to comply with the eleventh condition of his probation in that he consumed alcohol on September 14, 1999. The motions to revoke did not recite the language of the conditions alleged to have been violated by appellant.

On December 13, 1999, the State filed a motion to dismiss the motions to revoke which had been heard on October 1, 1998. The motions were denied.

On December 16, 1999, the trial judge heard the motions to revoke which were filed on October 15th. At the hearing, appellant's attorney announced ready, but orally excepted to the motions and made an oral motion to dismiss the State's motions on the grounds that the motions to revoke did not list the conditions of supervision which appellant had allegedly violated. Appellant's attorney also excepted to the motions to revoke on the grounds that the motions requested relief that was not available to the trial court in either of appellant's cases. The trial judge denied the exceptions and motions to dismiss.

The motions to revoke were granted, both community supervisions were revoked, and the original sentences imposed. The revocation orders were signed on December 21, 1999. On December 22, 1999, the trial judge signed orders denying the motions to revoke

3

heard on October 1, 1998, and continuing appellant's community supervisions. The orders stated that they were effective as of October 1, 1998.

By five issues, appellant urges that the trial court abused its discretion in revoking his community supervisions. Issues one, two, four and five are based on appellant's contention that on September 14, 1999, the date he allegedly violated his community supervision provisions, he was not under community supervision. He reasons that because the orders denying the State's motions to revoke which were heard on October 1, 1998, and which contained language continuing the terms of his community supervisions retroactive to October 1, 1998, were not signed until December 22, 1999, there were no orders in existence on September 14, 1999, requiring him to comply with the terms of his community supervision. Thus, he concludes, he could not have violated any community supervision conditions on September 14th, and the trial court abused its discretion in revoking his probation. By issue three, he asserts that the trial court abused its discretion in overruling his objections to the State's motions to revoke. His objections to the motions to revoke were based on the State's failure to specify the particular conditions of appellant's community supervision which he allegedly violated. We will address the issues in groups, for convenience.

## REVOCATION OF PROBATION

Probation revocation proceedings are not criminal trials in the constitutional sense; rather, they are administrative in nature. Davenport v. State, 574 S.W.2d 73, 76 (Tex.Crim.App. 1978) (en banc). In a proceeding to revoke probation the burden of proof

4

is on the State to show by a preponderance of the evidence that the probationer has violated a condition of probation as alleged in the motion to revoke. Cobb v. State, 851 S.W.2d 871, 873 (Tex.Crim.App. 1993) (en banc). In determining the sufficiency of the evidence to sustain a probation revocation, we view the evidence in the light most favorable to the trial court's ruling. Jones v. State, 589 S.W.2d 419, 421 (Tex.Crim.App. 1979).

The only issue presented in an appeal from an order revoking community supervision is whether the trial court abused its discretion. Naquin v. State, 607 S.W.2d 583, 586 (Tex.Crim.App. 1980); Lloyd v. State, 574 S.W.2d 159, 160 (Tex.Crim.App. 1978). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking probation. Cardona v. State, 665 S.W.2d 492, 494 (Tex.Crim.App. 1984) (en banc). A trial court abuses its discretion when its action or decision is not within the zone of reasonable disagreement. Montgomery v. State, 810 S.W.2d 372, 391 (Tex.Crim.App. 1991) (op. on reh'g).

## ISSUES 1 AND 4

By his first issue, appellant argues that the trial court abused its discretion by revoking his community supervision when the court did not file a written order continuing appellant on community supervision until after a subsequent revocation hearing. By his fourth issue, appellant contends that the trial court abused its discretion by revoking appellant's community supervision when the court signed the order continuing appellant's probation on December 22, 1999, but made it effective as of October 1, 1998.

After a motion to revoke has been filed, the probationary period continues to run unabated until it expires or until a revocation order is entered and becomes final. Ex parte Miller, 552 S.W.2d 164, 165 (Tex.Crim.App. 1977). For example, even while an appeal of a probation revocation is pending, the defendant remains subject to the terms of probation and subject to arrest for any violation of those terms during the remaining period of probation. See Margoitta v. State, 10 S.W.3d 416, 418 (Tex.App.--Waco 2000, no pet.). After a hearing on a motion to revoke has occurred, the trial court has several options. The trial court has the authority to order that the community supervision be continued, extended, modified, or revoked. See TEX. CODE CRIM. PROC. ANN. art. 42.12 § 21(b) (Vernon Supp. 2001). The determination is left to the trial court's discretion. See Flournoy v. State, 589 S.W.2d 705, 707 (Tex.Crim.App. 1979).

Appellant was placed on probation in cause number 34542-A on April 6, 1995, for a period of five years. Appellant was placed on probation in cause number 35017-A on June 30, 1995, for a period of ten years. On September 14, 1999, appellant's term of probation in both cases was unexpired and had not been finally revoked. Therefore, appellant was still under community supervision in both cases on the date of the violations alleged in the State's motions to revoke, and appellant was still bound by the terms and conditions of his community supervision, including but not limited to the conditions the State alleged he violated. See Ex parte Miller, 552 S.W.2d at 165. The orders signed on December 22, 1999, which denied the motion to revoke heard on October 1, 1998, and which contained language continuing appellant's community supervision, merely formally disposed of the motions to revoke and confirmed the continuation of appellant's community

6

supervision and the conditions of the supervision. They did not retroactively impose the conditions of community supervision which appellant allegedly violated, because those conditions had been previously imposed and had not been changed before September 14, 1999. The trial court did not abuse its discretion in denying appellant's objection to the State's motions to revoke, or in revoking appellant's probation and imposing sentence. Appellant's first and fourth issues are overruled.

## ISSUES 2 AND 5

By his second issue, appellant contends that the trial court abused its discretion in imposing sentence because the trial court's order denying the State's motion to revoke and continuing probation was signed on December 22, 1999, but was made retroactive to October 1, 1998. By his fifth issue, appellant argues that the trial court erred and abused its discretion in overruling appellant's objection to the State's motions to revoke, where the conditions allegedly violated by appellant were retroactive conditions imposed subsequent to the hearing held on December 16, 1999.

As explained above, appellant remained on probation at the conclusion of the revocation hearing on October 1, 1998. He continued to be subject to all of the terms and conditions of his community supervision until it expired or until a revocation order was entered and became final. See Ex parte Miller, 552 S.W.2d at 165; Margoitta, 10 S.W.3d at 418. The order signed on December 22, 1999, did not change any terms of appellant's probation. The order was, in effect, a *nunc pro tunc* order reflecting the court's prior ruling denying the State's attempt to have appellant serve his sentence, as reflected by the

7

court's docket entry.  See  Ex parte Dopps, 723 S.W.2d 669, 670 (Tex.Crim.App. 1986); Alvarez v. State, 605 S.W.2d 615, 617 (Tex.Crim.App. 1980).   We overrule appellant's issues 2 and 5.

## ISSUE 3

By his third issue, appellant contends that the trial court abused its discretion in overruling appellant's objection to the State's motions to revoke on the basis that the motions failed to give appellant notice of the particular conditions of probation which appellant allegedly violated.

The State's motions to revoke alleged that appellant violated his probations as follows:

a.     The defendant failed to comply with the first condition of his supervision in that on or about the 14th day of September, 1999, in Potter County, Texas, the defendant did appear in a public place while under the influence of alcoholic beverages to the degree that said defendant may have endangered himself or another.

b.     The defendant failed to comply with the eleventh condition of his supervision in that the defendant consumed alcohol on or about September 14, 1999, as evidenced by Amarillo Police Department incident report #99-85723, which resulted in his arrest for Public Intoxication.

The language of the two conditions of probation at issue on appeal is identical in each case.  The first condition reads: "Commit no offense against the laws of this State or any other State or of the United States."   The eleventh condition reads: "Abstain from the

8

consumption of alcohol in any form at any time." Appellant signed the Orders containing these conditions on the lines marked for the probationer's signature.

When the motions were called for hearing, appellant's counsel sought dismissal of the motions for failure to set out the substance of the conditions allegedly violated, and asserted exceptions to the motions. The trial court denied the motions to dismiss and exceptions. Appellant then announced ready for hearing. In the presence of appellant, and in open court, appellant's counsel waived the reading of the motions to revoke, after which the trial court asked appellant if he fully understood what "you're accused of doing to violate probation." Appellant responded that he did, and stated to the trial court that the allegations were not true.

The proper method for challenging a motion to revoke for failure to provide sufficient notice is a motion to quash. See Burkett v. State, 485 S.W.2d 578, 580 (Tex.Crim.App. 1972). A motion to quash must be in writing and filed before the defendant announces ready at the revocation hearing. See Matte v. State, 572 S.W.2d 547, 548 n.2 (Tex.Crim.App. 1978); Dempsey v. State, 496 S.W.2d 49, 50-52 n.1 (Tex.Crim.App. 1973). An oral motion to quash will not preserve error for review. See Minnieweather v. State, 636 S.W.2d 235, 236 (Tex.App.--Texarkana 1982, no pet.).

Appellant did not file written motions to quash the State's motions to revoke. His oral exceptions and motion to dismiss the motions to revoke did not preserve error for review. Id.

Moreover, a motion to revoke probation provides sufficient notice so long as it specifies the act constituting the violation, the date on which the act was committed, and the location where it occurred. See Gordon v. State, 575 S.W.2d at 529, 530-31 (TexCrim.App. 1979); Vale v. State, 486 S.W.2d 370, 372 (Tex.Crim.App. 1972). The State's motions set out the specific numbers of the conditions of probation which appellant allegedly violated, the particular actions which were alleged to have violated the probation conditions, and the dates of the alleged actions. The State's motions gave appellant sufficient notice, as confirmed by appellant's telling the trial court that he understood what he was accused of doing that violated his probation. Thus, even assuming, *arguendo*, that error was preserved, we conclude that the trial court did not abuse its discretion in revoking appellant's probation. See Flournoy, 589 S.W.2d at 707; Gordon, 575 S.W.2d at 530-31. Appellant's third issue is overruled.

## CONCLUSION

Having overruled appellant's five issues, we affirm the judgment of the trial court.


Phil Johnson
Justice


Do not publish.