NO. 07-04-0410-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



DECEMBER 21, 2004



______________________________




PAUL HAYES, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 110TH DISTRICT COURT OF FLOYD COUNTY;



NO. 4171; HONORABLE JOHN R. HOLLUMS, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

ABATEMENT AND REMAND


 Following a plea of not guilty, appellant Paul Hayes was convicted by a jury of
possession of certain chemicals with the intent to manufacture a controlled substance, and
punishment was assessed by the trial court at 35 years confinement. The appellate record
has been filed. Pending before this Court is a motion to withdraw filed by appointed
counsel James M. Tirey in which he represents he was elected Hale County Attorney and
will take office on January 1, 2005. He further asserts his new duties will prohibit him from
representing appellant and requests this appeal be abated for appointment of new counsel.

 The trial court has the responsibility for appointing counsel to represent indigent
defendants, as well as the authority to relieve or replace counsel. Tex. Code Crim. Proc.
Ann. art. 1.051(d) (Vernon Supp. 2004-05); see also Enriquez v. State, 999 S.W.2d 906,
907 (Tex.App.-Waco 1999, no pet.). Further, the trial court retains authority to appoint or
substitute counsel even after the appellate record has been filed. Enriquez, 999 S.W.2d
at 908. Accordingly, we now abate this appeal and remand the cause to the trial court for
further proceedings. Tex. R. App. P. 43.6.

 Upon remand the trial court shall immediately cause notice of a hearing to be given
and, thereafter conduct a hearing to determine the following:


 whether to grant appellate counsel's motion to withdraw; and if so,
 whether appellant still desires to prosecute this appeal and is indigent
and entitled to new appointed counsel.



The trial court shall also cause a hearing to be transcribed. Should it be determined that
appellant desires to continue the appeal, then the trial court shall also take such measures
as may be necessary to assure appellant effective assistance of counsel, which measures
may include the appointment of new counsel. If new counsel is appointed, the name,
address, telephone number, and state bar number of counsel shall be included in the order
appointing new counsel. 

 The trial court shall execute findings of fact, conclusions of law, and such orders as
the court may enter regarding the aforementioned issues and cause its findings and
conclusions to be included in a supplemental clerk's record. A supplemental reporter's
record of the hearing shall also be included in the appellate record. The trial court shall file
the supplemental clerk's record and the supplemental reporter's record with the Clerk of
this Court by Friday, February 4, 2005. Finally, if new counsel is appointed, appellant's
brief will be due within 30 days after the deadline for filing of the supplemental clerk's
record and the supplemental reporter's record and the State's brief will be due within 30
days thereafter. Tex. R. App. P. 38.6(a) & (b).

 It is so ordered.

 Per Curiam

Do not publish.



ismiss the State's motions on the
grounds that the motions to revoke did not list the conditions of supervision which appellant
had allegedly violated. Appellant's attorney also excepted to the motions to revoke on the
grounds that the motions requested relief that was not available to the trial court in either
of appellant's cases. The trial judge denied the exceptions and motions to dismiss. 

 The motions to revoke were granted, both community supervisions were revoked,
and the original sentences imposed. The revocation orders were signed on December 21,
1999. On December 22,1999, the trial judge signed orders denying the motions to revoke
heard on October 1, 1998, and continuing appellant's community supervisions. The orders
stated that they were effective as of October 1, 1998. 

 By five issues, appellant urges that the trial court abused its discretion in revoking
his community supervisions. Issues one, two, four and five are based on appellant's
contention that on September 14, 1999, the date he allegedly violated his community
supervision provisions, he was not under community supervision. He reasons that
because the orders denying the State's motions to revoke which were heard on October
1, 1998, and which contained language continuing the terms of his community supervisions
retroactive to October 1, 1998, were not signed until December 22, 1999, there were no
orders in existence on September 14, 1999, requiring him to comply with the terms of his
community supervision. Thus, he concludes, he could not have violated any community
supervision conditions on September 14th, and the trial court abused its discretion in
revoking his probation. By issue three, he asserts that the trial court abused its discretion
in overruling his objections to the State's motions to revoke. His objections to the motions
to revoke were based on the State's failure to specify the particular conditions of
appellant's community supervision which he allegedly violated. We will address the issues
in groups, for convenience. 

REVOCATION OF PROBATION

 Probation revocation proceedings are not criminal trials in the constitutional sense;
rather, they are administrative in nature. Davenport v. State, 574 S.W.2d 73, 76
(Tex.Crim.App. 1978) (en banc). In a proceeding to revoke probation the burden of proof
is on the State to show by a preponderance of the evidence that the probationer has
violated a condition of probation as alleged in the motion to revoke. Cobb v. State, 851
S.W.2d 871, 873 (Tex.Crim.App. 1993) (en banc). In determining the sufficiency of the
evidence to sustain a probation revocation, we view the evidence in the light most
favorable to the trial court's ruling. Jones v. State, 589 S.W.2d 419, 421 (Tex.Crim.App.
1979). 

 The only issue presented in an appeal from an order revoking community
supervision is whether the trial court abused its discretion. Naquin v. State, 607 S.W.2d
583, 586 (Tex.Crim.App. 1980); Lloyd v. State, 574 S.W.2d 159, 160 (Tex.Crim.App.
1978). If the State fails to meet its burden of proof, the trial court abuses its discretion in
revoking probation. Cardona v. State, 665 S.W.2d 492, 494 (Tex.Crim.App. 1984) (en
banc). A trial court abuses its discretion when its action or decision is not within the zone
of reasonable disagreement. Montgomery v. State, 810 S.W.2d 372, 391 (Tex.Crim.App.
1991) (op. on reh'g).

ISSUES 1 AND 4

 By his first issue, appellant argues that the trial court abused its discretion by
revoking his community supervision when the court did not file a written order continuing
appellant on community supervision until after a subsequent revocation hearing. By his
fourth issue, appellant contends that the trial court abused its discretion by revoking
appellant's community supervision when the court signed the order continuing appellant's
probation on December 22, 1999, but made it effective as of October 1, 1998.

 After a motion to revoke has been filed, the probationary period continues to run
unabated until it expires or until a revocation order is entered and becomes final. Ex parte
Miller, 552 S.W.2d 164, 165 (Tex.Crim.App. 1977). For example, even while an appeal
of a probation revocation is pending, the defendant remains subject to the terms of
probation and subject to arrest for any violation of those terms during the remaining period
of probation. See Margoitta v. State, 10 S.W.3d 416, 418 (Tex.App.--Waco 2000, no pet.). 
After a hearing on a motion to revoke has occurred, the trial court has several options. The
trial court has the authority to order that the community supervision be continued,
extended, modified, or revoked. See Tex. Code Crim. Proc. Ann. art. 42.12 § 21(b)
(Vernon Supp. 2001). The determination is left to the trial court's discretion. See Flournoy
v. State, 589 S.W.2d 705, 707 (Tex.Crim.App. 1979).

 Appellant was placed on probation in cause number 34542-A on April 6, 1995, for
a period of five years. Appellant was placed on probation in cause number 35017-A on
June 30, 1995, for a period of ten years. On September 14, 1999, appellant's term of
probation in both cases was unexpired and had not been finally revoked. Therefore,
appellant was still under community supervision in both cases on the date of the violations
alleged in the State's motions to revoke, and appellant was still bound by the terms and
conditions of his community supervision, including but not limited to the conditions the
State alleged he violated. See Ex parte Miller, 552 S.W.2d at 165. The orders signed on
December 22, 1999, which denied the motion to revoke heard on October 1, 1998, and
which contained language continuing appellant's community supervision, merely formally
disposed of the motions to revoke and confirmed the continuation of appellant's community
supervision and the conditions of the supervision. They did not retroactively impose the
conditions of community supervision which appellant allegedly violated, because those
conditions had been previously imposed and had not been changed before September 14,
1999. The trial court did not abuse its discretion in denying appellant's objection to the
State's motions to revoke, or in revoking appellant's probation and imposing sentence. 
Appellant's first and fourth issues are overruled.

ISSUES 2 AND 5

 By his second issue, appellant contends that the trial court abused its discretion in
imposing sentence because the trial court's order denying the State's motion to revoke and
continuing probation was signed on December 22, 1999, but was made retroactive to
October 1, 1998. By his fifth issue, appellant argues that the trial court erred and abused
its discretion in overruling appellant's objection to the State's motions to revoke, where the
conditions allegedly violated by appellant were retroactive conditions imposed subsequent
to the hearing held on December 16, 1999.

 As explained above, appellant remained on probation at the conclusion of the
revocation hearing on October 1, 1998. He continued to be subject to all of the terms and
conditions of his community supervision until it expired or until a revocation order was 
entered and became final. See Ex parte Miller, 552 S.W.2d at 165; Margoitta, 10 S.W.3d
at 418. The order signed on December 22, 1999, did not change any terms of appellant's
probation. The order was, in effect, a nunc pro tunc order reflecting the court's prior ruling
denying the State's attempt to have appellant serve his sentence, as reflected by the
court's docket entry. See Ex parte Dopps, 723 S.W.2d 669, 670 (Tex.Crim.App. 1986);
Alvarez v. State, 605 S.W.2d 615, 617 (Tex.Crim.App. 1980). We overrule appellant's
issues 2 and 5. 

ISSUE 3

 By his third issue, appellant contends that the trial court abused its discretion in
overruling appellant's objection to the State's motions to revoke on the basis that the
motions failed to give appellant notice of the particular conditions of probation which
appellant allegedly violated. 

 The State's motions to revoke alleged that appellant violated his probations as
follows:

 a. The defendant failed to comply with the first condition of his
supervision in that on or about the 14th day of September, 1999, in
Potter County, Texas, the defendant did appear in a public place
while under the influence of alcoholic beverages to the degree that
said defendant may have endangered himself or another.


 b. The defendant failed to comply with the eleventh condition of his
supervision in that the defendant consumed alcohol on or about
September 14, 1999, as evidenced by Amarillo Police Department
incident report #99-85723, which resulted in his arrest for Public
Intoxication.

 

The language of the two conditions of probation at issue on appeal is identical in each
case. The first condition reads: "Commit no offense against the laws of this State or any
other State or of the United States." The eleventh condition reads: "Abstain from the
consumption of alcohol in any form at any time." Appellant signed the Orders containing
these conditions on the lines marked for the probationer's signature. 

 When the motions were called for hearing, appellant's counsel sought dismissal of
the motions for failure to set out the substance of the conditions allegedly violated, and
asserted exceptions to the motions. The trial court denied the motions to dismiss and
exceptions. Appellant then announced ready for hearing. In the presence of appellant,
and in open court, appellant's counsel waived the reading of the motions to revoke, after
which the trial court asked appellant if he fully understood what "you're accused of doing
to violate probation." Appellant responded that he did, and stated to the trial court that the
allegations were not true. 

 The proper method for challenging a motion to revoke for failure to provide sufficient
notice is a motion to quash. See Burkett v. State, 485 S.W.2d 578, 580 (Tex.Crim.App.
1972). A motion to quash must be in writing and filed before the defendant announces
ready at the revocation hearing. See Matte v. State, 572 S.W.2d 547, 548 n.2
(Tex.Crim.App. 1978); Dempsey v. State, 496 S.W.2d 49, 50-52 n.1 (Tex.Crim.App. 1973). 
An oral motion to quash will not preserve error for review. See Minnieweather v. State, 636
S.W.2d 235, 236 (Tex.App.--Texarkana 1982, no pet.).

 Appellant did not file written motions to quash the State's motions to revoke. His
oral exceptions and motion to dismiss the motions to revoke did not preserve error for
review. Id. 

 Moreover, a motion to revoke probation provides sufficient notice so long as it
specifies the act constituting the violation, the date on which the act was committed, and
the location where it occurred. See Gordon v. State, 575 S.W.2d at 529, 530-31
(TexCrim.App. 1979); Vale v. State, 486 S.W.2d 370, 372 (Tex.Crim.App. 1972). The
State's motions set out the specific numbers of the conditions of probation which appellant
allegedly violated, the particular actions which were alleged to have violated the probation
conditions, and the dates of the alleged actions. The State's motions gave appellant
sufficient notice, as confirmed by appellant's telling the trial court that he understood what
he was accused of doing that violated his probation. Thus, even assuming, arguendo, that
error was preserved, we conclude that the trial court did not abuse its discretion in revoking
appellant's probation. See Flournoy, 589 S.W.2d at 707; Gordon, 575 S.W.2d at 530-31. 
Appellant's third issue is overruled. CONCLUSION

 Having overruled appellant's five issues, we affirm the judgment of the trial court.


 Phil Johnson

 Justice



Do not publish.

1. The State previously filed a motion to revoke appellant's community supervision in
cause number 34542-A. The motion was based on the alleged D.W.I. on which cause
number 35017-A was based. The motion was not granted, but the trial court imposed
more stringent community supervision conditions.