

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

March 13, 2006

Mr. Carl Reynolds
Administrative Director
Office of Court Administration
Post Office Box 12066
Austin, Texas 78711-2066

Opinion No. GA-0413

Re: Payment of uncollected fines, fees and court costs by defendants who have been administratively released from community supervision (RQ-0396-GA)

Dear Mr. Reynolds:

You inquire whether probation defendants who have been administratively released (but not judicially discharged) from community supervision and who have failed to pay the fines, fees and court costs they were ordered to pay as a condition of community supervision are still responsible for paying those fines, fees and court costs.[1]

In your letter you state that

> clerks from across the State have informed [your office] that judges typically do not sign discharge orders. Usually, local supervision officers will administratively release defendants upon the expiration of the designated community supervision period, whether or not they have fulfilled the conditions of community supervision, and the defendants no longer report to a supervision officer.

Request Letter, *supra* note 1, at 2. You inform us that many local collections officials are unable to continue efforts to collect the fines, fees and court costs from these defendants because county attorneys advise that because the defendants are no longer on community supervision they do not owe the funds. *See id.* You question whether defendants who have been administratively released are discharged from community supervision. *See id.* We believe the answer to your query depends on whether community supervision ends automatically at the expiration of the community supervision period or only upon formal order of the judge.

---

[1]*See* Letter from Carl Reynolds, Administrative Director, Office of Court Administration, to Honorable Greg Abbott, Attorney General of Texas (Sept. 12, 2005) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

I.      **Legal Background**

Community supervision, or probation,[2] is governed by article 42.12, Texas Code of Criminal Procedure. *See generally* TEX. CODE CRIM. PROC. ANN. art. 42.12 (Vernon Supp. 2005). Community supervision "means the placement of a defendant by a court under a continuum of programs and sanctions, with conditions imposed by the court for a specified period." *See id.* § 2(2). Article 42.12 primarily provides for two kinds of community supervision: regular community supervision and deferred adjudication community supervision. *See id.* Under regular community supervision, a defendant is convicted and sentenced but the sentence "is probated and the imposition of [the] sentence is suspended in whole or in part." *Id.* § 2(2)(B). Regular community supervision is imposed by the terms of sections 3 and 4 of article 42.12. *See id.* §§ 3 (judge ordered), 4 (jury recommended). Deferred adjudication community supervision differs from regular community supervision in that the defendant is not convicted and no sentence is imposed. Rather, the criminal proceedings are deferred without an adjudication of guilt. *See id.* § 2(2)(A). Section 5 sets forth the requirements for granting deferred adjudication probation. *See id.* § 5; *see also Rodriguez v. State*, 939 S.W.2d 211, 221 (Tex. App.—Austin 1997, no pet.) (distinguishing community supervision imposed with deferred adjudication under section 5 from regular community supervision imposed under section 3 or section 4).

During either type of community supervision, the defendant is subject to court-imposed conditions on behavior and activities. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 11 (Vernon Supp. 2005). Section 11 provides a non-exclusive list of possible conditions and authorizes the judge to determine what conditions to place on the community supervision. *See id.* It also provides that the judge may "at any time, during the period of community supervision alter or modify the conditions." *Id.* With certain exceptions, this authorization over the conditions of community supervision is vested only in the trial court. *See id.* § 10(a) ("Only the court in which the defendant was tried may grant community supervision, impose conditions, revoke the community supervision, or discharge the defendant . . . .").

For both regular and deferred adjudication community supervision, "[a]t any time during the period . . . the judge may issue a warrant for violation of any of the conditions of community supervision and cause the defendant to be arrested." *Id.* § 21(b); *see also id.* § 5(b) ("[o]n violation of a condition of community supervision . . . , the defendant may be arrested and detained as provided in Section 21"). In regular community supervision, after a hearing, the judge may "continue, extend, modify, or revoke the community supervision." *Id.* § 21(b). In deferred adjudication, the judge is limited to a determination of whether to proceed with "an adjudication of guilt on the original charge." *Id.* § 5(b).

When the deferred adjudication period has expired and "if the judge has not proceeded to adjudication of guilt, the judge shall dismiss the proceedings against the defendant and discharge him." *Id.* § 5(c). The judge is given discretion to dismiss the proceedings and discharge the

---

[2]"The terms 'community supervision' and 'probation' share the same meaning and are generally used interchangeably." *Prevato v. State*, 77 S.W.3d 317, 317 n.1 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

defendant prior to the expiration of the community supervision period "if in the judge's opinion the best interest of society and the defendant will be served." *Id.* Except in specified instances, under deferred adjudication community supervision, a "dismissal and discharge . . . may not be deemed a conviction for the purposes of disqualifications or disabilities imposed by law for conviction of an offense." *Id.* For regular community supervision,[3] section 20 provides that once a defendant has satisfactorily completed one-third of the original community supervision period or two years, whichever is less, "the period of community supervision may be reduced or terminated by the judge." *Id.* § 20(a). Under this provision, "[u]pon the satisfactory fulfillment of the conditions of community supervision, and the expiration of the period of community supervision, the judge, by order duly entered, shall amend or modify the original sentence imposed, if necessary to conform to the community supervision period and shall discharge the defendant." *Id.* The discretionary authority given in section 20 permits the judge to "set aside the verdict or permit the defendant to withdraw his plea, and . . . dismiss the accusation, complaint, information or indictment against the defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted or to which he has pleaded guilty [with certain exceptions]." *Id.*

In regular and deferred adjudication community supervision, a court has jurisdiction even after the expiration of the community supervision period to revoke, continue, or modify the community supervision. *See id.* §§ 21(e) (regular community supervision), 5(h) (deferred adjudication community supervision). However, this continuing jurisdiction is limited and exists only if, *before the period expires*, both a motion to revoke, continue or modify (regular community supervision) or a motion to adjudicate (deferred adjudication) is filed and a capias issued for the arrest of the defendant. *See id.*

## II.     Analysis

The plain language of article 42.12 speaks to our question. *See Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865–66 (Tex. 1999) (stating that a court construes a statute by looking to the plain meaning of the statute's language). Section 2 defines the term "community supervision" and expressly states that conditions are "imposed by the court for *a specified period.*" TEX. CODE CRIM. PROC. ANN. art. 42.12, § 2 (Vernon Supp. 2005) (emphasis added). Section 11 authorizes a court to alter or modify the conditions of community supervision, but only "*during the period of community supervision.*" *Id.* § 11(a) (emphasis added). Section 21 provides for the issuance of an arrest warrant of a probation defendant who has violated the conditions of probation, but only *during the period. See id.* § 21(a), (b); *see also id.* § 5(b) (referring to section 21). Sections 5 and 21 grant a court limited jurisdiction that continues even after the expiration of the community supervision period but only if "*before the expiration*" of the period, the respective motion to revoke or adjudicate has been filed and a capias issued. *Id.* §§ 5(h) (deferred adjudication), 21(e) (regular) (emphasis added). We believe article 42.12 draws a clear line at the expiration of the period of community supervision. During the period of community supervision, courts have broad jurisdiction

---

[3]*See State v. Juvrud*, 96 S.W.3d 550, 560 (Tex. App.—El Paso 2002, pet. granted) ("[w]e conclude that section 20 applies only to regular and shock community supervision, and section 5(c) governs early termination of deferred adjudication").

and discretion with regard to conditions of community supervision. At the expiration of the period, courts have very limited continuing jurisdiction conferred only by the timely filing of an appropriate motion and issuance of a capias. We believe that by drawing this clear line upon expiration of a community supervision period, whether for regular or deferred adjudication community supervision, supervision terminates automatically on the date the period expires.

A Texas Court of Criminal Appeals case illustrates the "clear line" to which we refer. In *Pedraza v. State*, the trial judge placed the defendant on misdemeanor probation for a period of two years in a case where the maximum length of probation, under the version of the statute in effect at the time, was one year. *See Pedraza v. State*, 562 S.W.2d 259, 260 (Tex. Crim. App. 1978) (citing *Nicklas v. State*, 530 S.W.2d 537 (Tex. Crim. App. 1975) and *Ex parte Miller*, 552 S.W.2d 164 (Tex. Crim. App. 1977)). The defendant's probation period commenced on November 3, 1976. *See id.* at 259. On June 27, 1977, a motion to revoke was filed based on an offense that had occurred on April 9, 1977. *See id.* at 259–60. On June 29, 1977, in a hearing on the motion to revoke, the court determined that the defendant had violated the terms of his probation and revoked the probation. *See id.* The defendant appealed the revocation on the grounds that the original order placing him on probation was void because it attempted to impose a two year probation period—a period in excess of that allowed by law. *See id.* On appeal, the court of criminal appeals decided that the original order placing the defendant on probation was void only to the extent it imposed a longer probation period than was authorized by law. *See id.* at 260. The court stated that "[h]ere, probation was granted on November 3, 1976, and consequently, any violation of its terms and conditions after November 3, 1977, could not support a revocation order." *Id.* Ultimately the court decided that the motion to revoke had been filed within a valid probation period, *see id.*, but under its reasoning if the motion to revoke had been filed on or after November 4, 1977, the motion would not have been effective. *See id.* Implicit in the court's conclusion as to the attempted imposition of the second year of probation is the principle that at the expiration of the period, the community supervision ends automatically.

Other courts considering the timeliness of motions to revoke or motions to adjudicate under sections 21 and 5 have consistently recognized that the expiration of the community supervision period, even without a judicial order discharging the probation defendant, divests the court of jurisdiction.[4] *See, e.g., Ex parte Donaldson*, 86 S.W.3d 231 (Tex. Crim. App. 2002) (per curiam) (six year probation period beginning on May 10, 1993, ended May 10, 1999). One recent court of appeals case likened a term of community supervision to a prison sentence and determined that the period of community supervision expires the day prior to the anniversary date the community supervision was imposed. *See Nesbit v. State*, 175 S.W.3d 565, 567–68 (Tex. App.—Dallas 2005, no pet.) (holding that defendant's "ten-year period of community supervision that began on April 29, 1994, ended on April 28, 2004"). These cases recognize that, absent the timely filing of a motion

---

[4]*See also Shahan v. State*, 792 S.W.2d 101 (Tex. Crim. App. 1990) (six months probation beginning on December 17, 1986, ended June 17, 1987); *Nicklas v. State*, 530 S.W.2d 537 (Tex. Crim. App. 1975) (two year probation beginning on June 3, 1971, ended June 3, 1973); *Howard v. State*, 495 S.W.2d 252 (Tex. Crim. App. 1973) (two year probation beginning on March 14, 1969, ended March 14, 1971); *Arrieta v. State*, 719 S.W.2d 393 (Tex. App.—Fort Worth 1986, pet. ref'd) (two year probation beginning on October 27, 1981, ended October 27, 1983).

to revoke or adjudicate and the issuance of a capias, the expiration of the community supervision period divests the court of jurisdiction over the probation defendant and the conditions of community supervision.[5]

In addition, article 42.12 provides a means by which a court may retain jurisdiction over a defendant serving a term of community supervision even after the community supervision period expires, but only if *before the period expires*, both a motion to revoke (regular community supervision) or a motion to adjudicate (deferred adjudication community supervision) is filed and a capias issued for the arrest of the defendant. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, §§ 5(h) (deferred adjudication), 21(e) (regular) (Vernon Supp. 2005). The presence of this express provision further suggests that a court's jurisdiction over a defendant serving community supervision ends at the expiration of the period.

Moreover, this office has previously recognized that the expiration of community supervision ends the jurisdiction of the court. In Opinion JM-165 this office considered language identical to that in article 42.12, section 5(c) and concluded that a defendant whose adjudication was deferred under article 42.13 (misdemeanor community supervision) could not be compelled to pay a fine after the period of probation had expired. *See* Tex. Att'y Gen. Op. No. JM-165 (1984) at 2 (former article 42.13 is now incorporated into article 42.12, section 7). In 1998, this office concluded that "[d]eferred prosecution probation pursuant to section 53.03 of the Family Code may not be revoked on account of an offense or offenses committed after the expiration of the probationary period." Tex. Att'y Gen. LO-98-069, at 2.

Our conclusion does not render meaningless the language of section 5(c) and 20(a) that requires the judge to dismiss the proceedings and discharge the defendant. Both sections act, upon the judge's dismissal and discharge, to remove the disqualifications, penalties and disabilities that are imposed by law for a conviction of an offense. *See* TEX. CODE CRIM. PROC. ANN. arts. 42.12, §§ 5(c) ("Except as provided by Section 12.42(g), Penal Code, a dismissal and discharge under this section may not be deemed a conviction for the purposes of disqualifications or disabilities imposed by law for conviction of an offense."), 20(a) ("who shall thereafter be released from all penalties and disabilities [that result] from the offense or crime of which [the defendant] has been convicted or to which [the defendant] has pleaded guilty") (Vernon Supp. 2005). Such disqualifications, disabilities, and penalties include punishment for the commission of a criminal offense, *see* BLACK'S LAW DICTIONARY 1153 (7th ed. 1999) (defining "penalty" as "[p]unishment imposed on a wrongdoer, esp. in the form of imprisonment or fine"), as well as limitations on the right to vote, the right to hold public office and the right to serve on a jury. *See* TEX. ELEC. CODE ANN. §§ 11.002(4)(B), 141.001(a)(4) (Vernon 2003); *Payton v. State*, 572 S.W.2d 677, 678–79 (Tex. Crim. App. 1978),

---

[5]Other states that have considered the question have reached the same conclusion. *See State v. Smith*, 425 So. 2d 655, 656 (Fla. Dist. Ct. App. 1983) ("Once a probation term has expired, the court is divested of all jurisdiction over the probationer unless prior to that time the processes of the court have been set in motion for revocation or modification of probation."); Utah Att'y Gen. Informal Op. No. 83-34 (1983) at 1 ("Under the laws of Utah, the probationary term expires automatically and unlawful conduct occurring after its expiration can never be used as grounds to revoke probation.").

*overruled on other grounds by Jones v. State*, 982 S.W.2d 386 (Tex. Crim App. 1998); *see also* Tex. Att'y Gen. Op. No. MW-148 (1980) at 2 (construing phrase "penalties and disabilities" in community supervision context and opining it operated "merely to restore the civil rights of a convicted defendant, rather than to remove all evidence of the conviction"). We believe that though the defendant is free of the conditions of community supervision, including the condition of payment of fines, fees and court costs, on the expiration of the community supervision period, the defendant does not yet have the benefit of having the disqualifications, disabilities and penalties removed until the judge has formally dismissed the proceedings and discharged the defendant. *See Wolfe v. State*, 917 S.W.2d 270, 277 (Tex. Crim. App. 1996) ("The plain language of article [42].12,[6] § 20(a) clearly contemplates the entry of an order before releasing a defendant from legal disabilities resulting from [a] conviction . . . . the legislature may have wished to formulate a method of removing legal disabilities that would be easy to verify."); *see also Davis v. State*, 968 S.W.2d 368, 370 (Tex. Crim. App. 1998) ("A defendant who has been discharged from deferred adjudication community supervision is immediately eligible to serve on a jury, [or] to vote[.]").

## III.  Conclusion

For these reasons, we believe that absent any action by the court to revoke community supervision or determine guilt prior to the expiration of the community supervision period, the period of deferred adjudication community supervision or regular community supervision ends automatically on expiration. We therefore conclude that a probation defendant is not subject to the conditions of community supervision as of the date the period of community supervision expires. Thus, probation defendants who have been administratively released at the expiration of the community supervision period but who have failed to pay the fines, fees and court costs ordered as a condition of community supervision are no longer responsible for those fines, fees and court costs. Article 42.12 provides specific procedures that, if followed, would continue the court's jurisdiction and allow for the collection of owed fines, fees and court costs even after the community supervision period has expired. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, §§ 5(h) (Vernon Supp. 2005) (deferred adjudication), 21(e) (regular); *see also id.* art. 103.0033(g)(2) (the Office of Court Administration shall assist counties and cities to improve the collection of court costs, fees and fines imposed in criminal cases by providing training and consultation).

---

[6]In context, it is apparent the court's reference to section 44.12 in this statement is a typographical error. *See Wolfe*, 917 S.W.2d at 277 (discussing article 42.12, section 20 in the immediately preceding paragraph). Chapter 44, Code of Criminal Procedure, concerns appeals. *See generally* TEX. CODE CRIM. PROC. ANN. arts. 44.01–.47 (Vernon 1979 & Supp. 2005) (Chapter 44, "Appeal and Writ of Error").

## S U M M A R Y

Article 42.12 of the Code of Criminal Procedure provides specific procedures that, if followed, would continue the court's jurisdiction and allow for the collection of owed fines, fees and court costs even after the community supervision period has expired. If, however, those procedures are not followed, then a probation defendant is not subject to the conditions of community supervision, including the payment of fines, fees and court costs, after the date the period of community supervision expires.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee