Henry Mack **MILLIGAN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 43544.

Court of Criminal Appeals of Texas.

March 17, 1971.

Rehearing Denied April 20, 1971.

Ben Henderson, Dallas, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

M. N. Garcia, Austin, for appellant.

Robert O. Smith, Dist. Atty., Lawrence Wells, Asst. Dist. Atty., Austin, and Jim D. Vollers, State's Atty., Austin, for the State.

---◆---

OPINION

ROBERTS, Judge.

This is an appeal from a conviction of unlawfully carrying a pistol on premises that were licensed under provisions of the Texas Liquor Control Act as denounced by Art. 483, Vernon's Ann.P.C. Trial was on a plea of not guilty to the court. Punishment was assessed at two years probated.

The testimony reflects that Officer Jones of the Austin Police Department arrested the appellant in the Little Glory Coffee Shop at 12:15 a. m., searched him and discovered the pistol, which was introduced into evidence without objection. Further, the beer license of the coffee shop was introduced without objection. It was stipulated the day of the week was Wednesday.

Appellant testified he was not drunk and was on his way home with the day's receipts from his business, and this was the reason he had the gun.

The first ground of error contends that the gun was inadmissible, being the fruit of an unlawful arrest. This matter was raised for the first time on appeal. There was no motion to suppress filed and no objection to the admission of the gun into evidence. Appellant must make timely objection in order to preserve error. Gonzales v. State, 167 Tex.Cr.R. 433, 320 S.W. 2d 837; Gonzales v. State, Tex.Cr.App., 379 S.W.2d 352; Kanaziz v. State, Tex.Cr. App., 382 S.W.2d 485.

■ Appellant next contends he did not commit a felony offense. It is his theory that since it was 12:15 a. m. on a Wednesday and the coffee shop could not legally sell beer at that hour, there was no felony violation. The offense was charged under Art. 483, V.A.P.C.; the pertinent part reads as follows:

"* * * except that if the offense is committed by a person while in any premises covered by a permit or license issued under the provisions of the Texas Liquor Control Act or at any dance where the public is invited and alcoholic beverages are openly sold, served, or consumed, he is guilty of a felony * * *."

The evidence is sufficient, under the statute, to show a felony crime had been committed. The day of the week, the hour of the day are not the controlling factors.

■ Appellant's third ground of error complains that the "conditions of probation are not permissible."

The judgment of the court assessed punishment at two years and the imposition of the sentence was suspended. The statutory terms of probation are set forth and then as a further term it is stated, "12. That he serve 90 days in the Travis County jail." Art. 483, V.A.P.C., provides the punishment for violation on this offense shall be "by imprisonment in the state penitentiary for not less than two (2) years nor more than five (5) years."

No provision is made for imprisonment in jail for this offense. While this writer feels that trial judges should have wide latitude in probation matters, here the court had done what the statute does not allow. The legislature, in its wisdom, provided a punishment of confinement in the penitentiary. Art. 42.12, Vernon's Ann.C.C.P., provides that courts or juries may probate and not impose this sanction if certain standards are followed, however, the legislature did not provide as additional punishment, and as part of probation, a jail sen-

tence. The object of probation is to allow the convicted person to remain out of confinement.

The order granting probation is hereby reformed by deleting the 90 day jail penalty.

As reformed, the judgment is affirmed.