**Samuel Franklin VALE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46100.**

Court of Criminal Appeals of Texas.

Nov. 1, 1972.

Easton, Lee & Pettitt, by Gary Lee, Houston, for appellant.

Robert O. Smith, Dist. Atty., and Michael J. McCormick, Asst. Dist. Atty., Austin, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation.

On April 28, 1969, appellant entered a plea of guilty before the court to the offense of unlawful possession of marihuana and was assessed a punishment of five years confinement in the Texas Department of Corrections. The imposition of the sentence was suspended, however, and the appellant was placed on probation subject to certain conditions among which were the following:

"1. Obey all orders of the Court and the Probation Officer;

2. Commit no offense against the laws of this or any State or of the United States;

3. Avoid injurious or vicious habits (including the use of narcotic or habit forming drugs and alcoholic beverages);

4. Avoid persons or places of disreputable or harmful character (and including the act of frequenting or going about places where intoxicating beverages are sold);

. . . . . .

8. Do not change employment or place of residence without the permission of the Probation Officer;

9. Remain within Travis County, Texas, unless permitted to depart by the Court and/or the Probation Officer;

. . . . . ."

The State filed a motion to revoke probation on July 16, 1971, and an amended motion on February 28, 1972. On March 1, 1972, the court granted appellant's motion to quash the amended motion. On the same date, a second amended motion to revoke probation was filed which alleged violations of all of the conditions set out

above. On March 9, 1972, the motion to quash such motion was denied. Following a hearing on that date, the court revoked probation and imposed sentence.

■ Initially, appellant contends that the judgment and sentence are totally void since one of the conditions of probation was that the appellant first serve 120 days in the Travis County Jail.

In Milligan v. State, 465 S.W.2d 157 (Tex.Cr.App.1971), this court held that a trial judge is without authority to add a jail term as a condition of probation altering the punishment set by statute for the offense of which he was guilty.

The penalty provided by Article 725b § 23(a), Vernon's Ann.P.C., for first offense of possession of marihuana is ". . . by imprisonment in the penitentiary for not less than two years nor more than life; . . ." As in *Milligan*, there is no statutory provision made for imprisonment in jail for this offense.

*Milligan*, however, appealed his probated sentence as he was authorized to do and protested the condition of probation imposed. Milligan's judgment was reformed deleting the condition of probation in question.

In the instant case, the appellant did not appeal his conviction when he was placed on probation as he had the right to do. See Article 42.12 § 8, Vernon's Ann.C.C.P. Instead, he served the 120 days in jail in 1969, and claimed in 1972, when his probation was revoked on other grounds, that the entire judgment and sentence are void as a result of the imposition of an unauthorized condition of probation. We cannot agree. This court has repeatedly said that by failing to appeal when placed on probation, a probationer normally waives his right to complain of the judgment of probation. See Brooks v. State, 459 S.W.2d 640 (Tex.Cr.App.1970); Pitts v. State, 442 S.W.2d 389 (Tex.Cr.App.1969), and Hoskins v. State, 425 S.W.2d 825 (Tex.Cr.App.1968).

■ If the appellant had appealed, he would have only been entitled to a reformation of the judgment containing the unauthorized probationary condition. The five-year sentence imposed by the court following revocation was a proper one.

Next, appellant contends the court erred in refusing to quash the second amended motion to revoke probation because it was so vague and indefinite that it failed to apprise him with what he was charged and enable him to prepare his defense.

In Campbell v. State, 456 S.W.2d 918, 921 (Tex.Cr.App.1970), this court said:

". . . The allegations in a motion to revoke probation do not require the same particularity of an indictment or an information, but in all fairness, the allegations as to a violation of probation should be fully and clearly set forth in the motion to revoke and a copy timely served on the probationer so that he might be informed as to that upon which he will be called to defend."

See also Jansson v. State, 473 S.W.2d 40, 42 (Tex.Cr.App.1971); Gamble v. State, 484 S.W.2d 713 (Tex.Cr.App.1972); Burkett v. State, 485 S.W.2d 578 (Tex.Cr.App.1972); Kuenstler v. State, 486 S.W.2d 367 (Tex.Cr.App.1972).

■ An examination of the second amended motion to revoke would indicate that the allegations were not specific enough to sufficiently inform the appellant as to that upon which he was called to defend with one exception. The motion did allege that appellant had violated probationary condition No. 2 ". . . in that he committed the offense of unlawful possession of a narcotic drug, to wit: marijuana and committed the offense of unlawful possession of a narcotic drug, to-wit: hashish, and that both such offenses occurred in Houston, Harris County, Texas on or about July 15, 1971."

■ The proof offered at the revocation hearing was sufficient to support the revocation on this ground standing alone.

Even if the other violations had been sufficiently alleged, we express grave doubts that the evidence was sufficient to sustain such allegations.

For the reason stated, we find no abuse of discretion.

The judgment is affirmed.