**Printiss Raymon DORSEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–01–00087–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted April 11, 2002.

Decided April 26, 2002.

Rehearing Overruled May 21, 2002.

Clement Dunn, Attorney at Law, Longview, for Appellant.

Andy Porter, Assistant District Attorney, Longview, for Appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice ROSS.

Printiss Dorsey appeals the trial court's revocation of his community supervision and assessment of six years' imprisonment. Dorsey contends the trial court committed reversible error when it proceeded with the hearing that resulted in the revocation of his community supervision without adequate notice to him of the specific violations of the terms of community supervision. Dorsey contends the lack of notice amounted to a violation of due process, equal protection, and due course of law. The State, in its counter-issue, contends Dorsey waived his right to appeal, thereby denying this Court jurisdiction to review Dorsey's point of error.

Dorsey was indicted in March 1994 on two counts of robbery committed in a single criminal episode. On September 15, 1994, he waived a jury trial and pled guilty to the lesser offense of theft from the person. Following a plea agreement, the trial court deferred a finding of guilt for a period of three years and placed Dorsey on community supervision.

The State filed its first application for adjudication of guilt on February 2, 1995. The State amended the application on March 24, 1995, and again on March 30, 1995. On the same date as the State's second amendment, the trial court adjudged Dorsey guilty and placed him on ten years' community supervision. A condition of Dorsey's community supervision was that he support all dependents.

The trial court modified Dorsey's community supervision on June 21, 1999, and again on March 27, 2000. On July 14, 2000, the State filed an application for revocation of Dorsey's community supervision, alleging seven violations, including failure to support all dependents. At the August 17, 2000, hearing on the State's application, Dorsey pled true to all seven violations. At this hearing, the trial court stated it would take the matter under advisement, but amended the terms and conditions of community supervision to require "that all child support that is delinquent as of this moment for both of these children be brought current within six months from today,...." The trial court resumed the hearing on the July 14 application on February 19, 2001. As of the date of the resumption of the hearing, Dorsey was not current on his delinquent child support and the trial court revoked his community supervision and sentenced him to six years' imprisonment.

On February 19, 2001, Dorsey and his attorney signed a waiver of a right to file a motion for new trial and right to appeal. Dorsey filed a motion for new trial on March 20, 2001, which was overruled by operation of law. He filed a notice of appeal on May 18, 2001. The record does not affirmatively show the trial court granted permission to appeal.

We first address the question of whether we have jurisdiction to consider the merits of the appeal. *Lenox v. State*, 56 S.W.3d 660, 661 (Tex.App.-Texarkana 2001, pet. ref'd). Under Texas law, a defendant in a noncapital criminal case "may waive any rights secured him by law...."

TEX.CODE CRIM. PROC. ANN. art. 1.14(a) (Vernon Supp.2002). The record shows Dorsey waived his right to appeal after the pronouncement of judgment and sentence. Such a waiver is valid and binding. *Blanco v. State*, 18 S.W.3d 218, 220 (Tex.Crim. App.2000) (affirming 996 S.W.2d 345 (Tex. App.-Texarkana 1999)); *Littleton v. State*, 33 S.W.3d 41, 43 (Tex.App.-Texarkana 2001, pet. ref'd). Dorsey contended at oral argument his notice of appeal acted to override his written waiver of appeal. However, Dorsey's notice of appeal, after having waived his right to appeal, does not confer full subject matter jurisdiction on this Court. *Clayburn v. State*, 985 S.W.2d 624, 625 (Tex.App.-Waco 1999, no pet.) (Clayburn's waiver of appeal found valid when he neither received permission of trial court to appeal nor disavowed waiver). Subsequent notice of appeal does not withdraw or affect a prior waiver of appeal. *Ex parte Tabor*, 565 S.W.2d 945, 946 (Tex.Crim.App.1978).

■ No attack on the waiver of the right to appeal will be entertained in the absence of factual allegations supporting the claim that the waiver was coerced or involuntary. *Id.* Dorsey has not challenged the validity or voluntariness of his waiver of appeal. He contended at oral argument his waiver should be treated differently from those waivers made pursuant to a plea agreement. We disagree. In *Tabor*, there is no indication the waiver of appeal was made in connection with a plea agreement. According to the opinion, the defendant pled guilty and punishment was assessed. There is nothing indicating a plea agreement. *Id.* at 945. We find Dorsey's waiver of appeal is valid.

■ Even if Dorsey had not waived his right to appeal, he failed to object to any due process violations by the trial court and therefore failed to preserve any error. *Rogers v. State*, 640 S.W.2d 248, 263–64 (Tex.Crim.App. [Panel Op.] 1982) (op. on reh'g).

The appeal is dismissed.