Affirmed and Memorandum Opinion filed June 19, 2003














Affirmed and
Memorandum Opinion filed June 19, 2003.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-00794-CV

_______________

 

 

IN THE
INTEREST OF A.J.B.

 

 

___________________________________________________

 

On Appeal from
the 387th District Court

Fort Bend County, Texas

Trial Court
Cause No. 01-CV-118351

___________________________________________________

 

M E M O R A N D U M   O P I N I O
N

            Appellant, Leonard Smith, appeals
the termination of his parental rights to his son, A.J.B., who was adopted the
same day the trial court terminated Smith’s parental rights.  In five issues, Smith contends (1) no
pleadings support the trial court’s judgment that he impregnated A.J.B.’s birth mother through sexual assault; (2)
insufficient evidence supports the trial court’s judgment that he impregnated A.J.B.’s birth mother through sexual assault; (3)
insufficient evidence supports the trial court’s judgment that termination of
his parental rights is in A.J.B.’s best interest; (4)
he was deprived of effective assistance of counsel; and (5) he was deprived of
trial by jury.[1]  We affirm.

Background

            A.J.B.’s
young birth mother arranged a private adoption for him before his birth.  Thus, A.J.B.’s
adoptive mother, the petitioner in this lawsuit, was present at his birth.   His birth mother voluntarily terminated her
parental rights, and his adoptive mother is the only parent A.J.B. has
known.  Originally, the adoptive mother
brought suit to terminate the father’s parental rights, contending that he
failed to register with the paternity registry. 
Smith was served by publication because he could not be located.

            By the time of the termination
hearing, Smith had been located in prison, appeared, confirmed his paternity
through genetic testing, and registered with the paternity registry.  The adoptive mother never amended her
petition to allege other grounds for termination, namely that Smith’s sexual
assault resulted in the birth mother’s pregnancy.  Smith opposed termination of his parental
rights, although he did not wish to remove A.J.B. from his adoptive mother’s
custody.  Nonetheless, the trial court
terminated Smith’s parental rights on these grounds and also determined that
this was in the child’s best interest. 
Smith now appeals the termination of his parental rights.

Trial by Consent

            In his first issue, Smith contends
there were no pleadings on which to base a judgment that his parental rights
should be terminated for impregnating A.J.B.’s birth
mother by sexual assault.  A judgment
must conform to the pleadings and proof. 
Latch v. Gratty,
Inc., 46 Tex. Sup. Ct.
J. 470, 2003 WL 548573, at * 3 (Feb. 27,
 2003); Tex. R. Civ. P. 301.  Unpleaded claims that were tried by express or implied
consent are treated as if they were raised by the pleadings.  Roark
v. Stallworth Oil & Gas, Inc., 813 S.W.2d
492, 495 (Tex. 1991); Tex. R. Civ. P. 67;
see In re M.A.N.M., 75 S.W.3d 73, 81
(Tex. App.—San Antonio 2002, no pet.) (Stone, J., dissenting) (discussing trial
by consent in termination of parental rights). 
To determine whether an issue was tried by consent, we examine the
record as a whole for evidence of a trial on the issue, not merely evidence of
the issue.  Stephanz v. Laird, 846 S.W.2d 895, 901 (Tex. App.—Houston [1st Dist.] 1993,
writ denied).

            At trial, counsel for the petitioner
argued that Smith’s rights should be terminated because of the sexual assault
and that such termination was in A.J.B.’s best
interest.  See Tex. Fam.
Code Ann. § 161.007 (Vernon 2002) (termination of parental rights when
pregnancy results from a criminal act). 
The trial court admitted the judgment from Smith’s conviction for the
sexual assault.  In his testimony, Smith
acknowledged that he pleaded guilty to sexual assault and that he was aware his
parental rights could be terminated because the crime produced a child.  This is evidence that the issue was tried by
consent.  See id.

            Smith further argues that the
inadequate pleadings violated his right to due process and, because this is a
termination proceeding, “the usual rules applicable to trial by consent in
civil cases should not apply.”  However,
even error affecting constitutional rights may be waived without proper
preservation.  See Wright v. State, 28 S.W.3d 526, 536 (Tex. Crim.
App. 2000), cert. denied, 531 U.S. 1128
(2001); see, e.g., Dorsey v. State,
84 S.W.3d 8, 10 (Tex. App.—Texarkana 2002, no pet.) (in which defendant waived
issue of due process violation).  Smith
did not object to the lack of pleadings at or before trial.  “The party who allows an issue to be tried by
consent and who fails to raise the lack of a pleading before submission of the
case cannot later raise the pleading deficiency for the first time on
appeal.”  Roark, 813 S.W.2d at 495. 
Because Smith did not object until his motion for new trial, he waived
the issue on appeal.  Accordingly, we overrule
issue one.

Evidence that Sexual Assault Resulted In Pregnancy

            In his second issue, Smith contends
the evidence is legally and factually insufficient to show that he committed a
sexual assault that resulted in a pregnancy. 
A parent’s parental rights can be involuntarily terminated only by a
showing of clear and convincing evidence, not just a preponderance of the
evidence.  In re G.M., 596 S.W.2d 846, 847 (Tex. 1980); Robinson v. Dep’t of Protective &
Regulatory Servs., 89 S.W.3d 679, 685 (Tex. App.—Houston [1st
Dist.] 2002, no pet.).  Clear and
convincing evidence is the degree of proof that will produce in the mind of the
trier of fact a firm belief or conviction as to the
truth of the allegations sought to be proved. 
Tex. Fam.
Code Ann. § 101.007 (Vernon 2002); In
re C.H., 89 S.W.3d 17, 25–26 (Tex. 2002).

            When reviewing legal sufficiency of
the evidence, we look at all the evidence in the light most favorable to the
finding to determine whether the fact finder could have formed a firm belief or
conviction that its finding was true.  In re J.F.C., 96 S.W.3d 256, 265–66 (Tex.
2002).  To appropriately defer to the
fact finder’s conclusions, we must assume that the fact finder resolved
disputed facts in favor of its finding, if a reasonable fact finder could do
so.  Id. at
266.  We disregard all evidence that a
reasonable fact finder could have disbelieved or found to have been
incredible.  Id.  When reviewing factual sufficiency of the
evidence, we determine whether the fact finder could reasonably form a firm
belief or conviction based on the evidence about the truth of the State's
allegations.  Id.  We consider whether disputed evidence is such
that a reasonable fact finder could not have resolved it in favor of its
finding.  In re J.I.T.P., 99 S.W.3d 841, 844 (Tex. App.—Houston [14th
Dist.] 2003, no pet.).  “If, in light of
the entire record, the disputed evidence that a reasonable factfinder
could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief
or conviction, then the evidence is factually insufficient.”  In re
J.F.C., 96 S.W.3d at 266. 

            In this issue, Smith contends there
was insufficient evidence that (1) the criminal judgment for sexual assault was
final and (2) the victim of the sexual assault became pregnant with A.J.B.  Regarding the first contention, the evidence
includes the criminal judgment, which was signed in January 2002.  The testimony in trial of this, held five and
a half months later, revealed that Smith did not timely appeal the sexual
assault, although he wished to file a writ of habeas corpus for ineffective
assistance of counsel.  See Tex.
R. App. P. 26.2(a) (limiting time to file notice of appeal in a criminal
case to thirty days after sentence is imposed). 
Additionally, the criminal judgment reflects that Smith pleaded guilty
pursuant to a plea bargain.  A criminal
defendant’s right to appeal from a plea bargain is severely limited.  See
Tex. R. App. P. 25.2(2).  Finally, Smith’s intent to file a writ of
habeas corpus did not make the criminal conviction any less final.  Thus, legally and factually sufficient
evidence shows that the criminal judgment was final.[2] 

            Regarding the second contention, the
criminal judgment reflects that the sexual assault occurred on May 25, 2000, some nine months before A.J.B.’s birth on February 19, 2001. 
Although the name of A.J.B.’s birth mother is
not shown in the criminal judgment, in an addendum to the judgment, the
criminal court noted that the victim was age sixteen.  The testimony at trial in this case confirmed
that A.J.B.’s birth mother was sixteen at his
birth.  Further, the trial court took
judicial notice, without objection, of genetic testing confirming Smith’s
paternity and of petitioner’s home study, which states that the birth mother
was impregnated as a result of a sexual assault.  Finally, in his testimony at the termination
hearing, Smith acknowledged knowing that when sexual assault “ends up producing
a child as it has here,” the crime is grounds for termination of parental
rights.  We hold that this is legally and
factually sufficient proof that the sexual assault resulted in A.J.B.’s birth. 
Accordingly, we overrule issue two.

Child’s Best Interest

            In his third issue, Smith contends
there is legally and factually insufficient evidence that termination of his
parental rights was in A.J.B.’s best interest.  There is a strong presumption that preserving
the parent-child relationship is in the best interest of a child.  See  Tex. Fam. Code Ann. §§ 153.131(b), 153.191, & 153.252
(Vernon 2002).  The Texas Supreme Court
has compiled factors to consider when determining the best interest of a
child.  Holley v. Adams, 544
S.W.2d 367, 371–72 (Tex.
1976).  These factors include (1) the
child’s desires; (2) the child’s emotional and physical needs now and in the
future; (3) the emotional and physical danger to the child now and in the
future; (4) the parental abilities of the individuals seeking custody; (5) the
programs available to assist these individuals to promote the best interest of
the child; (6) the plans for the child by these individuals or by the agency
seeking custody; (7) the stability of the home or proposed placement; (8) the
acts or omissions of the parent which may indicate that the existing parent-child
relationship is not proper; and (9) any excuse for the acts or omissions of the
parent.  Id.  Additionally, the Family Code lists thirteen
similar factors for determining the parent’s willingness and ability to provide
a safe environment.  Tex. Fam. Code Ann.
§ 263.307 (Vernon 2002).

            Here, the trial court could have
considered, in particular, Smith’s acts or omissions which indicate that the
existing parent-child relationship is not proper; A.J.B.’s
emotional and physical needs now and in the future; plans for A.J.B.; and the
stable home with his adoptive mother. 
One paramount consideration is the fact that A.J.B. was conceived when
Smith, a forty-one-year-old man, sexually assaulted A.J.B.’s
sixteen-year-old birth mother.  Cf. Green v. Tex. Dep’t of Protective & Regulatory Servs., 25 S.W.3d 213, 221 (Tex. App.—El
Paso 2000, no pet.) (“[S]exual abuse is a significant
factor in determining whether termination is in the best interest of the
child.”).  The girl was Smith’s third
cousin, the same age as Smith’s only daughter. 
The testimony also reveals that when Smith sexually assaulted A.J.B.’s birth mother, he was already on parole.  Smith was sentenced to twenty years’
imprisonment for the sexual assault, which means he will be unable to offer
financial support or to participate in A.J.B.’s
entire childhood.  Moreover, Smith is
$18,000 in arrears in child support payments for his now seventeen-year-old
daughter and has never offered to support A.J.B.  Smith testified that he hoped to someday have
custody of A.J.B. and offered to share custody with A.J.B.’s
adoptive mother.  He also submitted a
business plan to show that he could earn a living if not incarcerated.  However, A.J.B.’s
adoptive mother testified that Smith was a bad role model and a repeat offender.  In her opinion, termination of Smith’s rights
was in A.J.B.’s best interest.  The home study reflects that the adoptive
parent is a nurse with a stable income, a supportive family, a home with a room
for A.J.B, and considerable desire to be A.J.B.’s
parent.  The adoptive parent was present
at A.J.B.’s birth and is the only parent he has ever
known.  We conclude there is legally and
factually sufficient evidence that termination of Smith’s parental rights was
in A.J.B.’s best interest.  Accordingly, we overrule issue three.

Ineffective Assistance of Counsel

            In his fourth issue, Smith contends
that he received ineffective assistance of counsel because his trial attorney
failed to request a jury trial, allowed trial by consent, and elicited
testimony tending to show that Smith’s conviction for sexual assault was
final.  The Texas Supreme Court has
deferred deciding whether a parent can claim ineffective assistance of counsel
in a termination proceeding.  In re J.F.C., 96 S.W.3d 256, 280 (Tex.
2002).  Texas’s
intermediate appellate courts are split on the issue.  Compare
In re A.R.R., 61 S.W.3d 691, 695 (Tex. App.—Fort Worth 2001, pet. denied)
(declining to extend the Sixth Amendment right to effective assistance of
counsel to a civil proceeding); In re
B.B., 971 S.W.2d 160, 172 (Tex. App.—Beaumont 1998, pet. denied); Arteaga v. Tex. Dep’t of Protective &
Regulatory Servs., 924 S.W.2d 756, 762 (Tex.
App.—Austin 1996, writ denied); In re
J.F., 888 S.W.2d 140, 143 (Tex. App.—Tyler 1994, no writ); Krasniqi v. Dallas County Child Protective Servs., 809 S.W.2d 927, 931 (Tex. App.—Dallas 1991,
writ denied); Posner v. Dallas County
Child Welfare Unit, 784 S.W.2d 585, 588 (Tex. App.—Eastland 1990, writ
denied) with In re K.L., 91 S.W.3d 1, 3–13 (Tex. App.—Fort Worth 2002, n. pet.
h.) (due process right to effective assistance of counsel exists in some
termination of parental rights proceedings); In re A.V., 57 S.W.3d 51, 57 (Tex. App.—Waco 2001, pet. granted)
(stating counsel in termination proceeding is required to be effective); In re J.M.S., 43 S.W.3d 60, 63 (Tex.
App.—Houston [1st
Dist.] 2001, no pet.) (holding the statutory right to counsel in a termination
proceeding means the right to effective assistance of counsel).

            This court has not yet ruled on the
existence of such a right.  In re E.L.T., 93 S.W.3d 372, 376 (Tex. App.—Houston [14th
Dist.] 2002, no pet.).  However, even if
such a right exists, scrutiny of counsel’s performance is highly deferential,
and there is a strong presumption that the attorney’s actions could have been
the result of sound trial strategy. Strickland
v. Washington, 466 U.S. 668, 688,
694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); Hernandez v. State, 726 S.W.2d 53, 57
(Tex. Crim. App. 1986).  The record here does not provide an explanation
for trial counsel’s acts and omissions. 
Even if Smith had the right to effective assistance of counsel, we may
not reverse for ineffective assistance “when counsel’s actions or omissions may
have been based upon tactical decisions, but the record contains no specific
explanation for counsel’s decisions.”  Bone v. State, 77 S.W.3d 828, 830 (Tex. Crim. App. 2002). 
Because there is no explanation in the record for counsel’s actions,
which could have been tactical, there has been no showing defeating the
presumption counsel provided effective assistance.  We overrule issue four.

Deprivation of jury trial

            In his fifth issue, Smith argues
that he was deprived of constitutional due process because trial was held
before the bench instead of a jury.  He
contends that in proceedings for termination of parental rights, the court
should require an express waiver of trial by jury, as in criminal cases.  He acknowledges that this contention has been
rejected by at least one court of appeals. 
In re K.C., 23 S.W.2d 604,
608–09 (Tex.
App.—Beaumont 2000, no pet.).  As
discussed in In re K.C., “the requirement of an express
waiver of jury trial in criminal cases lies in the Code of Criminal Procedure,
not the United States Constitution.”  Id. at 609; see Tex.
Code Crim. Proc. Ann. art. 1.13 (Vernon Supp.
2003).  In contrast, a jury trial is
provided only upon request in family courts. 
See Tex. Fam. Code Ann. § 105.002
(Vernon 2002).  Because the Family Code
does not require an express waiver of trial by jury and because there was no
request for a jury, we overrule issue five. 
See id.

            Having overruled all five issues, we
affirm the trial court’s judgment. 

 

                                                                                    

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment rendered and Memorandum
Opinion filed June 19, 2003.

Panel consists of Justices
Anderson, Seymore, and Guzman.

 

 











            [1]  A.J.B.’s adoptive
parent, the petitioner below, did not file a brief on appeal.  The guardian ad litem
asked, and was permitted, to withdraw after Smith filed his notice of
appeal.  Thus, there is no appellate
brief filed on A.J.B.’s behalf.  





            [2]  Further, this court dismissed Smith’s criminal appeal
for want of jurisdiction because it was untimely filed, his notice of appeal
did not meet the requirements for appeals from a plea bargain, and he signed a
waiver of appeal.  See Johnson v. State, No. 14-02-00439-CR, 2002 WL 1354249, at *1 (Tex. App.—Houston [14th
Dist.] June 20, 2002, no pet.)
(per curiam) (not designated for publication).