

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-08-00012-CR
_____

ALEX JOHNSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 36251-A

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

After the trial court denied his motion to suppress evidence, Alex Johnson pled guilty to the charge of aggravated assault and submitted the issue of punishment to the trial court. The trial court sentenced Johnson to fifteen years' imprisonment. Johnson now appeals, raising three points of error, but a problem with our jurisdiction prevents us from reaching the merits of those issues. For the reasons stated below, we dismiss this case for want of jurisdiction.

The clerk's record in this case shows that, after the trial court had formally sentenced Johnson, he executed a document entitled "Waiver of Motion for New Trial and Right of Appeal." In this waiver, Johnson acknowledged his right to appeal, but affirmatively (and with his trial counsel's permission) waived that right. Johnson further acknowledged this waiver was made "voluntarily, knowingly and intelligently." The trial court did not thereafter grant Johnson permission to appeal.

Under Texas law, a defendant in a noncapital case may waive any right secured by Texas law. TEX. CODE CRIM. PROC. ANN. art. 1.14(a) (Vernon 2005). A defendant may even waive the right to appeal. *Dorsey v. State*, 84 S.W.3d 8, 10 (Tex. App.—Texarkana 2002, no pet.). A valid waiver of appeal deprives the appellate court of jurisdiction to consider the merits of the appeal. *Id.* (citing *Clayburn v. State*, 985 S.W.2d 624, 625 (Tex. App.—Waco 1999, no pet.). "No attack on the waiver of the right to appeal will be entertained in the absence of factual allegations supporting the claim

2

that the waiver was coerced or involuntary." *Id.* (citing *Ex parte Tabor*, 565 S.W.2d 945, 946 (Tex. Crim. App. 1978)).

On the authority of *Willis v. State*, 121 S.W.3d 400 (Tex. Crim. App. 2003), Johnson argues that, despite the waiver of appeal, he was granted permission to appeal by the trial court. In *Willis*, the Texas Court of Criminal Appeals held that an order granting permission to appeal was effective even when the defendant had previously executed a waiver of appeal. *Id.* at 403.

Johnson's argument originates from the several trial court certificates concerning his right of appeal. Judge Harold Entz conducted Johnson's plea hearing, punishment trial, and sentencing. Johnson entered a plea of no contest December 10, 2007. On that same day, Judge Entz, Johnson, and his attorney signed the form "Trial Court's Certification of Defendant's Right of Appeal." The form allows the trial court to check one of the following applicable to the case:

> _____ is not a plea bargain case, and the defendant has the right of appeal;
>
> _____ is a plea bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal;
>
> _____ is a plea bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal;
>
> _____ is a plea bargain case, and the defendant has NO RIGHT OF APPEAL;
>
> _____ the defendant has waived the right of appeal.

None of the statements were marked as applicable to this case.

The next day, a trial on punishment began and continued until December 14, 2007. At that time, final statements were presented and punishment was imposed. Also on December 14, Johnson

executed the waiver of motion for new trial and right of appeal. The waiver states that it was signed after "conviction" and "punishment was imposed." Johnson gave notice of appeal January 14, 2008, and on January 30, 2008, Judge Alvin Khoury signed another certification indicating that the case was not a plea bargain and the defendant had the right of appeal. This certificate was not signed by Johnson or his counsel. On April 3, 2008, Judge Khoury signed a third certification with the same notation as Khoury's previous certificate. The last certification was also signed by Johnson and his attorney.

We find the facts here are substantially different from those in *Willis*. In *Willis*, it was clear throughout the proceedings the defendant had motions filed and ruled on which would be preserved for appeal. Here, there is no discussion in the record by the attorneys, the judge, or Johnson that Johnson was attempting to preserve issues on appeal. Further, in *Willis* the defendant signed a waiver in conjunction with the admonishments at the time of his guilty plea; here, a separate document waiving appeal was signed after sentence had been imposed. Finally, in *Willis*, the trial court specifically granted the defendant permission to appeal ("the trial court expressly and in writing granted permission for appellant to appeal . . . ." ). *Id.*

Here, none of the judicial certifications expressly grant Johnson the right to appeal. At most, Judge Khoury's certificate recognized that the case was not based on a negotiated plea and under the law an appeal was available. *See* TEX. R. APP. P. 25.2(a), (b); TEX. CODE CRIM. PROC. ANN. art. 44.02 (Vernon 2006). Since Judge Entz's order had marked none of the options shown above, it

4

granted no permission to appeal. Judge Khoury, who did not try the case, certified that it did not involve a negotiated plea and "defendant has the right of appeal," but the order did not grant him permission to appeal. It is one thing to recognize (even if in error) that, under the law, a defendant has the right to appeal, but something altogether different to grant permission for a defendant to appeal. Nothing in the judicial certifications grants Johnson permission to appeal and therefore does not negate or displace Johnson's waiver of appeal. Even after finding the waiver to be operative, Johnson is entitled to a consideration of any factual allegations that the waiver of appeal was involuntary. *See Tabor*, 565 SW 2d at 946.

Johnson asserts the waiver was involuntary only because there is no audio or reporter's record of the process in which he executed the waiver. Experience teaches that waivers are often signed outside the range of hearing by the State, the trial court, and even the court reporter—perhaps at the quiet of counsel table, where the accused and defense counsel may engage in private discussion. Thus, it is typically impossible for such attorney-client discussions to be recorded by the court reporter. Nor is the court reporter required to make a record of such private attorney-client conversations absent specific consent and request by the accused.

In *Tabor*, the Texas Court of Criminal Appeals specifically noted that the habeas applicant had failed to marshal any evidence to support an assertion of coercion or involuntariness in connection with his waiver of the right to appeal. *Id.* This despite the fact that he had such an opportunity at the hearing before the trial court on his application. Similarly, Johnson did not request

a hearing on a motion for new trial, and he has directed our attention to no evidence to support his appellate claim of involuntariness.[1]

Absent any formal requirement that an accused and defense counsel make a recording of their discussions about the waiver of appeal, what remains is Johnson's bare assertion of involuntariness. He directs our attention to nothing in the appellate record that would support or suggest involuntariness. Nor have we found any such evidence. Nor does the mere absence of a record of Johnson's discussion with his trial counsel about the process of signing the waiver of his right to appeal inherently demonstrate involuntariness.

We, therefore, conclude Johnson's waiver of his right to appeal is valid and binding, and we dismiss this appeal for want of jurisdiction.


Jack Carter
Justice

Date Submitted:     September 3, 2008
Date Decided:       September 5, 2008

Do Not Publish

---

[1]We acknowledge that Johnson also waived his right to file a motion for new trial, and thereby arguably waived his right to a hearing on such a motion. If the joint waiver of new trial and appeal was truly involuntary, as Johnson now contends on appeal, we see no reason why he would not have filed a motion for new trial and sought a hearing in the trial court on that motion, despite having otherwise waived that right.