In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00099-CR


______________________________




TARSHA SIMMONS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 276th Judicial District Court


Morris County, Texas


Trial Court No. 9388




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 On March 24, 2006, Tarsha Simmons was convicted of driving while intoxicated with a child
passenger. The trial court deferred a two-year state-jail sentence and imposed three years of
community supervision on the condition that Simmons "avoid injurious or vicious habits including
any use of non-prescribed narcotics, drugs or alcoholic beverages." Finding that Simmons violated
the prohibition to imbibe alcohol by driving while intoxicated, the trial court revoked her community
supervision. Simmons appeals the revocation on the grounds that: 1) the condition that she avoid
alcohol use was vague; 2) evidence was insufficient to support the trial court's revocation ruling;
3) she did not receive sufficient notice of the condition for community supervision allegedly
violated; and 4) the length of community supervision was ambiguous. We reject all of Simmons's
arguments and affirm the judgment revoking community supervision. 

I. Factual and Procedural History 

 On January 2, 2008, Kay Walraven called police to report that an intoxicated driver operating
a van had collided with a tree in her front yard. Trooper Edwin Lang was dispatched to the scene
and found the driver absent. Gary Webster (who is Simmons's cousin's husband) approached Lang,
advised that Simmons was the driver, and pledged to return with her shortly, which he did. 
Meanwhile, Lang surveyed the scene. He smelled alcohol in the van and found several full and
empty cans of beer. Persons interviewed at the scene reported that children were present in the van
during the accident. 

 Webster returned with Simmons and told Lang that in his opinion, Simmons was intoxicated
when driving the van with children present. Lang observed that Simmons was forced to utilize
Webster's vehicle to maintain balance when exiting. When questioned, Simmons admitted that she
was the driver of the wrecked van and that there were two minor children in the back seat. Lang
noticed that Simmons "reeked of alcohol from her breath" whenever she spoke, swayed back and
forth, and exhibited red eyes and slurred speech. He administered the horizontal gaze nystagmus test
(which Simmons failed), and an intoxilyzer test that did not register because Simmons declined to
blow her breath consistently into the machine. Simmons also refused to take a blood test. Lang,
who had been a peace officer for seventeen years, had no doubt that Simmons was intoxicated by
alcohol to the point that she had lost the normal use of her mental and physical faculties. Finally,
Simmons admitted to drinking alcohol and taking prescription drugs for epilepsy, panic attacks,
depression, and a nervous condition--a potentially dangerous combination. 

 The State filed a motion to revoke Simmons's community supervision, alleging that she
"operate[d] a motor vehicle in a public place while . . . not having the normal use of mental or
physical faculties by reason of the introduction of alcohol into the body" and that she was
"intoxicated by introducing an excessive amount of alcohol into her system." After hearing the
evidence above, including a statement made by Simmons's counsel that he believed "the [c]ourt
could conclude that she was intoxicated if the [c]ourt chose to under the evidence," the allegations
were found true, community supervision was revoked, and Simmons was sentenced to eighteen
months in a state-jail facility. This appeal followed. 

II. Simmons Waived Argument of Ambiguities with Regard to Length and Condition of
Community Supervision

 An award of community supervision is a contractual privilege entered into between court and
defendant. Speth v. State, 6 S.W.3d 530, 534 (Tex. Crim. App. 1999). A trial court has broad
discretion in determining the conditions of the supervision. Tex. Code Crim. Proc. Ann. art. 42.12,
§ 11 (Vernon Supp. 2008). "The judge may impose any reasonable condition that is designed to
protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the
defendant." Speth, 6 S.W.3d at 533. Conditions of community supervision not objected to are
affirmatively accepted as terms of the contract. Id. at 534. Moreover, the law is well settled that a
defendant cannot successfully allege for the first time on appeal that a condition of community
supervision is vague. Id. at 535; Heiringhoff v. State, 130 S.W.3d 117, 133-34 (Tex. App.--El Paso
2003, pet. ref'd); Margoitta v. State, 10 S.W.3d 416, 418 (Tex. App.--Waco 2000, no pet.). 

 The condition that Simmons was to "[a]void injurious or vicious habits including any use of
. . . alcoholic beverages," especially because of her epilepsy, informed Simmons and the authorities
that any use of alcohol was a violation of her community supervision. (1) See Flores v. State, 513
S.W.2d 66, 68-69 (Tex. Crim. App. 1974). Simmons signed the order imposing this condition,
affirming her understanding that she was not permitted to consume any alcohol. She similarly signed
off on the condition that community supervision was to continue for three years and affirmed her
understanding in open court. Simmons raised no objection to these conditions when they were
imposed in 2006. Thus, we find that Simmons waived any ambiguity argument with respect to the
length and condition of her community supervision. 

III. Proper Notice of the Violations of the Conditions of Her Community Supervision 


 Simmons contends that the motion to revoke community supervision failed to provide her
proper or adequate notice of the terms or conditions of community service she violated. The motion
stated that Simmons violated the prohibition against alcohol use by "[operating] a motor vehicle in
a public place while . . . intoxicated" and by "introducing an excessive amount of alcohol into her
system" on or about January 2, 2008. Simmons, however, did not raise this issue at the hearing,
foregoing the reading of the motion and entering a plea of not guilty. Not having raised this alleged
defect of notice at the revocation hearing, she failed to preserve any error. See Dorsey v. State, 84
S.W.3d 8 (Tex. App.--Texarkana 2002, no pet.).

IV. The Evidence Was Sufficient to Support Revocation 

 Considering the unique nature of a revocation hearing and the trial court's broad discretion
in the proceedings, the general standards for reviewing factual sufficiency do not apply. Pierce v.
State, 113 S.W.3d 431, 436 (Tex. App.--Texarkana 2003, pet. ref'd). Instead, we review the trial
court's decision regarding community supervision revocation for an abuse of discretion and examine
the evidence in a light most favorable to the trial court's order. Id. (citing Garrett v. State, 619
S.W.2d 172, 174 (Tex. Crim. App. 1981)). Thus, if the greater weight of credible evidence creates
a reasonable belief a defendant has violated a condition of his or her community supervision, the trial
court's order of revocation did not abuse its discretion and must be upheld. Id. (citing Scamardo v.
State, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974)). 

 To revoke community supervision, the State must prove every element of at least one ground
for revocation by a preponderance of the evidence. Tex. Code Crim. Proc. Ann. art. 42.12,
§§ 10-11 (Vernon Supp. 2008); Johnson v. State, 943 S.W.2d 83, 85 (Tex. App.--Houston [1st
Dist.] 1997, no pet.). Here, if the State proved by a preponderance of the evidence that Simmons
consumed any alcohol, revocation was proper. The State introduced Lang's testimony that Simmons
experienced difficulty keeping her balance, had red eyes, slurred speech, failed a field-sobriety test,
and reeked of alcohol. Lang also testified that Webster reported Simmons had been drinking, and
Simmons admitted to the same. Yet, Simmons took the stand at the revocation hearing and testified
she did not tell Lang she was drinking, had not consumed any alcohol, and crashed the vehicle only
because her tire blew out. She stated the appearance of intoxication was caused by stress of her
aunt's death the day before and Simmons's existing medical conditions. Simmons also denied having
children present in the vehicle even though Webster's testimony and witnesses at the scene
established there were two minors in the van. 

 In a revocation hearing, the trial judge is the sole trier of the facts and determines the
credibility of the witnesses and the weight to be given to the testimony. Johnson, 943 S.W.2d at 85;
Lee v. State, 952 S.W.2d 894, 897 (Tex. App.--Dallas 1997, no pet.). In its broad discretion, the
trial court could have chosen to disbelieve Simmons's testimony. Thus, as acknowledged by
Simmons's counsel at the hearing, despite Simmons's denials, the trial court was well justified in
revoking community supervision based on Lang's testimony. Palafox v. State, 509 S.W.2d 846, 848
(Tex. Crim. App. 1974) (revoking probation based on testimony of officer with eighteen years of
experience who determined defendant was intoxicated, smelled strongly of alcohol, and had slurred
speech). 

V. Conclusion

 We find that the evidence is sufficient to prove Simmons violated the terms of her
community supervision and that she waived issues of fair notice and ambiguities regarding
conditions of her community supervision. 

 Therefore, we affirm the judgment of the trial court. 




 Bailey C. Moseley

 Justice


Date Submitted: October 15, 2008

Date Decided: October 16, 2008


Do Not Publish
1. The very language of this condition is commonly used and understood in Texas courts. Vale
v. State, 486 S.W.2d 370, 371 (Tex. Crim. App. 1972). The first part of it ("avoid injurious or
vicious habits") is included in Article 21.12, Section 11(a)(2) of the Texas Code of Criminal
Procedure. Tex. Code Crim. Proc. Ann. art. 21.12, § 11(a)(2) (Vernon Supp. 2008).