

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-08-00157-CR

_____

PATRICK SHANE STACKS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th Judicial District Court
Bowie County, Texas
Trial Court No. 00F0245-005

Before Morriss, C.J., Moseley and Cornelius*, JJ.
Memorandum Opinion by Chief Justice Morriss

_____
*William J. Cornelius, Retired, Sitting by Assignment

MEMORANDUM OPINION

Over eight years ago, Patrick Shane Stacks, after exposing his genitals to a child, pled guilty to the third-degree felony offense of indecency with a child, was given a ten-year suspended sentence, and was placed on ten years of community supervision with various conditions. One condition of the community supervision forbade Stacks from possessing, acquiring, obtaining, reviewing, or retaining sexually oriented compact disks or disks that portrayed nudity of an adult or child.

On April 30, 2008, officers visited Stacks' home[1] and found there a collection of DVDs: at least seven of those were noted specifically to contain adult nudity. Many were noted to contain "strong sexuality." Thereafter, on the State's motion, the trial court entered judgment revoking Stacks' community supervision and sentenced him to eight years' confinement.

Stacks now appeals from this judgment and argues that the condition forbidding him from viewing materials portraying adult nudity was not reasonably related to treatment associated with his conviction for indecency with a child, that the condition violated due process since there was no factual basis in the record to support the imposition of such a condition, and that the condition was an unconstitutional prior restraint of his freedom of expression. Finally, Stacks requests reformation

---

[1]During that home visit, Stacks reportedly admitted to viewing "sexually oriented material for approximately a month and a half." Based on this discovery, community supervision officer David Rodgers executed an affidavit averring Stacks violated a condition of his community supervision. The trial court conducted a hearing on the motion to revoke Stacks' community supervision. Rodgers testified he had warned Stacks about viewing sexually explicit materials after Stacks failed several polygraph examinations and "was dishonest about this issue."

of the judgment revoking community supervision since it incorrectly labeled indecency with a child as a violation of Section 22.11 of the Texas Penal Code, rather than Section 21.11, and incorrectly categorized the offense as a second-degree felony, rather than a third-degree felony. *See* TEX. PENAL CODE ANN. § 21.11(d) (Vernon 2003).

We affirm the revocation because (1) Stacks waived all challenges to the conditions of his community supervision; although we reform the judgment because (2) the judgment incorrectly recites the section number and the offense level.

*(1)     Stacks Waived All Challenges to the Conditions of His Community Supervision*

An award of community supervision is a contractual privilege entered into between a court and a defendant. *Speth v. State*, 6 S.W.3d 530, 534 (Tex. Crim. App. 1999). Conditions of community supervision[2] not objected to are affirmatively accepted as terms of the contract. *Id.* at 534.

The law is well settled that a defendant cannot challenge a condition of community supervision for the first time at a revocation proceeding. *Id.* at 535; *Vale v. State*, 486 S.W.2d 370 (Tex. Crim. App. 1972); *Lozano v. State*, Nos. 04-04-00534-CR, 04-04-00535-CR, 04-04-0536-CR, 04-04-00537-CR, 2006 WL 166364, at *2 (Tex. App.—San Antonio Jan. 25, 2006, pet. ref'd); *In re*

---

[2]A trial court has broad discretion in determining conditions of community supervision. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 11 (Vernon Supp. 2008); *McArthur v. State*, 1 S.W.3d 323, 331 (Tex. App.—Fort Worth 1999, no pet.). In fact, Article 42.12 of the Texas Code of Criminal Procedure allows a trial court to "impose any reasonable condition that is designed to protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant." TEX. CODE CRIM. PROC. ANN. art. 42.12, § 11(a); *Speth*, 6 S.W.3d at 533.

*V.A.*, 140 S.W.3d 858, 860 (Tex. App.—Fort Worth 2004, no pet.) (defendant could not object that condition of community supervision was unreasonable at revocation hearing); *Lopez v. State*, 46 S.W.3d 476, 480 (Tex. App.—Fort Worth 2001, pet. ref'd) ("Under *Speth*, therefore, we are prohibited from hearing on appeal a challenge to the validity of a condition of community supervision unless an objection to that condition was made at the time the condition was imposed, presumably at sentencing."); *McIntyre v. State*, No. 01-98-00163-CR, 2000 WL 489412, at \*5 (Tex. App.—Houston [1st Dist.] Apr. 27, 2000, no pet.) (mem. op., not designated for publication) ("Appellant's allegation that some of his conditions of community supervision were vague, invalid, and/or unconstitutional concern appellant's conviction and punishment, not the revocation of his community supervision. Therefore, these matters should have been raised by timely appeal after he was placed on community supervision."); *Edwards v. State*, No. 06-99-00113-CR, 2000 WL 1130076, at \*2 (Tex. App.—Texarkana Aug. 8, 2000, pet. ref'd) (mem. op., not designated for publication); *Anthony v. State*, 962 S.W.2d 242, 245–46 (Tex. App.—Fort Worth 1998, no pet.).

A brief review of the issues on appeal reveals that they concern Stacks' conviction and punishment, not the revocation of his community supervision. Stacks' complaints, that the condition requiring him to refrain from viewing or possessing compact disks depicting adult nudity was unreasonable, violated due process, and restrained his freedom of expression, are all matters that should have been raised eight years ago when the condition complained of was imposed. Because Stacks' complaints are untimely, we cannot address them. *See Edwards*, 2000 WL 1130076, at \*2.

*(2)*     *The Judgment Incorrectly Recites the Section Number and the Offense Level*

Stacks also seeks reformation of the judgment revoking his community supervision. The Texas Rules of Appellate Procedure give this Court authority to reform judgments and correct typographical errors to make the record speak the truth. TEX. R. APP. P. 43.2; *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Peek v. State*, No. 06-08-00069-CR, 2008 WL 5090344, at *1–2 (Tex. App.—Texarkana Dec. 4, 2008, no pet. h.) (reforming judgment to reflect correct degree of offense); *Battle v. State*, No. 06-07-00148-CR, 2008 WL 482343, at *3 (Tex. App.—Texarkana Feb. 25, 2008, no pet.) (mem. op., not designated for publication) (reforming judgment to reflect proper statute under which defendant should have been convicted); *Gray v. State*, 628 S.W.2d 228, 233 (Tex. App.—Corpus Christi 1982, pet. ref'd).

Although Stacks was convicted of indecency with a child, an offense found in Section 21.11 of the Texas Penal Code, the judgment revoking community supervision recites Section 22.11 as the "statute for offense." Section 22.11 of the Texas Penal Code, entitled "Harassment By Persons in Certain Correctional Facilities; Harassment of Public Servant," does not apply. We reform the judgment by replacing "22.11" with "21.11," to reflect conviction under the correct statute. Additionally, indecency with a child by means of exposure is a third-degree felony offense. TEX. PENAL CODE ANN. § 21.11(d). There is nothing in the record to suggest that Stacks' conviction was enhanced. Thus, we also reform the judgment to reflect that the offense was a third-degree felony, not a second-degree felony.

As reformed, the judgment is affirmed.


                                            Josh R. Morriss, III
                                            Chief Justice


Date Submitted:        January 12, 2009
Date Decided:          January 14, 2009

Do Not Publish