

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-22-00143-CR

BILLY DEWAYNE REID, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 19th District Court
McLennan County, Texas
Trial Court No. 2021-507-C1

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Justice Stevens

# MEMORANDUM OPINION

On September 15, 2022, the trial court convicted Billy Dewayne Reid of the offense of failure to register as a sex offender[1] and sentenced him to ten years' imprisonment.[2] On the day of his sentencing, Reid waived his right of appeal when he signed a document titled Waiver of Appeal. That document states,

> I, BILLY DEWAYNE REID, the Defendant, after complete consultation with ALAN BENNETT, my Attorney of Record, in Open Court, and being fully aware of the sentence heretofore pronounced against me by the Court, would state:
>
> That I, BILLY DEWAYNE REID, understand that I have the right to file a Motion for New Trial and an Amended Motion for New Trial within thirty (30) days of the entry of a Judgment and Sentence, or Order Granting Probation, or other Order of the Court;
>
> That I, BILLY DEWAYNE REID, understand that I have the right to request the court's permission to Appeal if the punishment assessed against me did not exceed the recommendation of the State, if any, and that I have the right to Appeal matters raised by written motion and presented to the Court prior to my trial;
>
> . . . .
>
> That I, BILLY DEWAYNE REID, understand that if I appeal, and I am indigent, I have the right to a free record and transcript and an appointed attorney to prosecute my appeal.
>
> I, BILLY DEWAYNE REID, state that I desire to **WAIVE** each and all of my rights to Appeal, including the filing a Motion for New Trial, requesting permission to appeal, appealing matters raised by written motion prior to trial, giving Notice of Appeal, appealing the Judgment, Sentence or Order of the Court, and a free record, transcript and attorney on appeal. I make this WAIVER freely, intelligently and voluntarily. I desire to accept the Sentence or Order of the

---

[1]TEX. CODE CRIM. PROC. ANN. art 62.102.

[2]Originally appealed to the Tenth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001.

Court, and ask the Court to allow me to **WAIVE ALL RIGHTS I HAVE TO APPEAL.** I ask the Court to approve this Waiver, which will render the Judgment, Sentence or Order of the Court **FINAL** in all respects.

The waiver of right to appeal was also signed by Reid's attorney and by the trial court.

Even though Reid waived his right of appeal, he nevertheless, acting pro se, filed a notice of appeal. "A court of appeals lacks jurisdiction over and must dismiss an appeal when the defendant has validly waived [his] right of appeal." *Lopez v. State*, 595 S.W.3d 897, 899 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd) (citing *Jones v. State*, 488 S.W.3d 801, 808 (Tex. Crim. App. 2016)); *see also Dorsey v. State*, 84 S.W.3d 8, 10 (Tex. App.—Texarkana 2002, no pet.) (citing *Blanco v. State*, 18 S.W.3d 218, 220 (Tex. Crim. App. 2000)).

On November 22, 2022, we informed Reid of the defect in our jurisdiction over this appeal and afforded him an opportunity to respond and, if possible, cure such defect. Reid did not file a response to our jurisdictional defect letter.

Because Reid has no right of appeal as a result of his explicit, written waiver of that right, we dismiss this appeal for want of jurisdiction.


Scott E. Stevens
Justice

Date Submitted:    December 14, 2022
Date Decided:      December 15, 2022

Do Not Publish

3